[Civ. No. 4287. Second Appellate District, Division One.—February 21, 1925.]

JOHN H. COULTER, as Guardian, etc., Appellant, v. O. D. COLLINS et al., Respondents.

[1] USURY LAW—EXACTION OF BONUS INCLUDED IN NOTE—ABSENCE OF PAYMENT—RIGHT TO TREBLE DAMAGES—DEED OF TRUST.—Assuming that the exaction of a bonus for a loan (which bonus was added to the amount of the loan in making up the principal

amount of a promissory note given by the borrower) was in the nature of an interest demand, in excess of the interest rate allowed by the usury law, nevertheless, in the absence of any payment made by the borrower, the right to treble damages given by the usury law when money is paid or value is delivered in violation of such law did not accrue; and a deed of trust, given as security for said note, did not constitute a "thing of value" paid or delivered, within the terms and intention of the statute providing for such damages.

[2] ID.—INCOMPETENCY—RESCISSION—DAMAGES—REMEDIES.—Where, in an action to recover as damages thrice the amount of the bonus which was included in the loan, the trial court in effect declared a rescission of the transaction and annulled the note and deed of trust on the theory that the borrower, although of unsound mind when she borrowed the money, was not entirely without understanding, and her incapacity had not been judicially determined it is not consistent that the guardian of the borrower should be permitted to proceed on that theory and at the same time recover the damages sued for.

(1) 39 Cyc., p. 1090, n. 48, p. 1091, n. 53.    (2) 39 Cyc., p. 1090, n 48.

APPEAL from a judgment of the Superior Court of Los Angeles County. E. A. Luce, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank C. Hill, Richard Hartley and Geo. S. Hupp for Appellant.

Hugh L. Dickson and Duke Stone for Respondents.

CONREY, P. J.—Appeal from a judgment entered in an action brought to obtain a decree of annulment of a contract made in violation of the usury law, and to recover treble damages.

The act known as the usury law was an initiative measure submitted and approved at the general election of November 5, 1918. (Stats. 1919, p. lxxxiii; Deering's Gen. Laws, 1923 ed., Act 3757.) This act repealed sections 1917, 1918, 1919, and 1920 of the Civil Code, all relating to interest. The usury law, after prescribing certain limits or rates of interest that can be charged, and particularly limiting contract interest to not exceeding twelve per cent per annum,

provides in section 2 as follows: "Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained and the debt cannot be declared due until the full period of time it was contracted for has elapsed."

Section 3 of the act reads in part as follows: "Rights of person paying illegal interest. Every person, . . . who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may either in person or his or its personal representative, recover in an action at law against the person . . . who shall have taken or received the same, . . . , treble the amount of the money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery."

The facts of this case as determined by the court in its findings of fact are as follows: On or about March 1, 1921, Marie Tomblin was an incompetent person and by reason of mental disease and unsound mind was incapable of managing her affairs or property or of safeguarding or protecting her business interests or assenting to or making contracts; but was not wholly without understanding. In November, 1921, she was by decree of court judicially determined to be an incompetent person, and the plaintiff Coulter was appointed guardian of her person and estate. On March 1, 1921, said Mrs. Tomblin, being at that time in financial difficulties, borrowed from J. O. Mouser and O. D. Collins the sum of twenty-five thousand dollars. In consideration of said loan the borrower executed to the lenders a sixty-day note for the sum of thirty-five thousand dollars with interest at seven per cent per annum, and to secure the same executed a deed of trust on certain real property owned by her in the city of Los Angeles. Nothing was ever paid on account of said note. Prior to the commencement of this action Mouser transferred to Collins his interest in the note and trust deed. In August, 1921, pursuant to notice of default in payment of the note, and pursuant to other notice given in accordance with the terms of the trust deed, the real property described in said deed was advertised to

be sold by the trustee, and said sale was about to take place at the time of the commencement of this action. At all times mentioned in the complaint the real property was of the value of fifty-four thousand dollars, but was encumbered by a mortgage of twelve thousand dollars, the same being a lien prior to said trust deed.

At the time of the making of said promissory note and trust deed the said Mouser and Collins, well knowing the financial condition of Mrs. Tomblin, and that she was in dire financial difficulties, demanded and exacted from her, as a condition for lending her the sum of twenty-five thousand dollars for the period of sixty days, that she agree to pay them a bonus of ten thousand dollars, and that the promissory note should be for thirty-five thousand dollars to be secured by said trust deed. Said Tomblin being then and there in the mental condition aforesaid and being greatly in need of money, executed and delivered said note and trust deed, but received therefor no other consideration than the sum of twenty-five thousand dollars. The court found that by means of said transactions "thereby said Mouser and Collins did exact and receive of and from the said M. Marie Tomblin things in action greater by ten thousand dollars than is allowed to be received under the usury law of the state of California"; and that the exaction of said bonus was inequitable, illegal, void and usurious.

By reason of the facts thus found and its conclusions of law thereon, the court by its judgment declared the note and trust deed to be "void, rescinded, canceled and annulled"; that defendant Collins recover from "the plaintiffs" the sum of twenty-five thousand dollars, without interest. Plaintiff also had judgment for costs. There is a cross-complaint in the action.

The plaintiff in his amended complaint demanded that he have judgment against the defendants for the sum of thirty thousand dollars as damages in treble the amount of said bonus, and that said damages be set off against any amount adjudicated to be due the defendants, and that plaintiff have judgment for the overplus, if any. His appeal is based solely upon the failure of the court to allow those damages. The contention of appellant is that under the findings of the court the plaintiff was entitled to recover said thirty thousand dollars damages, and that by offsetting

the twenty-five thousand dollars due defendants, a net judgment should have been entered in favor of the plaintiff in the sum of five thousand dollars.

The appeal thus presents a single question, the answer to which must be found in the terms of the said act known as the "Usury Law." It will be remembered that no part of the money loaned has been repaid and no interest thereon has been paid. Nevertheless appellant claims and contends that by executing the note and by executing the trust deed, the borrower thereby delivered to the lenders for said loan a "greater sum or value" than the statute allows; that because the trust deed was a thing of value, the delivery thereof created the condition under which the borrower became entitled to recover from the lender "treble the amount of the money so paid or value delivered in violation of said sections."

[1] Let it be assumed, in accordance with the contention of appellant, that the exaction of the bonus was in the nature of an interest demand, in excess of the interest rate allowed by law. Nevertheless, in the absence of any payment made, we think that the right to treble damages did not accrue. [2] Recognizing that the plaintiff's ward, although of unsound mind when she borrowed the money, was not entirely without understanding and her incapacity had not been judicially determined, the court, in effect, declared a rescission. (Civ. Code, sec. 39.) By the judgment, from which defendants did not appeal, the note and trust deed are annulled. It is not consistent that appellant should be permitted to proceed on that theory, and at the same time recover as damages thrice the amount of the bonus that was included in the note. We do not need the decisions cited by appellant to convince us that ordinarily a trust deed is "a thing of value." But no authority has been produced holding that, under such a statute as the one here considered, the note given for a loan, or any instrument of security therefor, is "a thing of value" paid or delivered, within the terms and intention of the statute providing for such damages.

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.