[Cr. A. No. 439. Appellate Department, Superior Court, Los Angeles County.—August 28, 1930.]

THE PEOPLE, Respondent, v. J. F. CAMPBELL, Appellant.

(1 Cal. Supp. 82.)

784

Carter & Webster for Appellant.

Buron Fitts, District Attorney, and Tracy C. Becker, Deputy District Attorney, for Respondent.

SHAW, Acting P. J.—Defendant was charged with two violations of the Usury Law (Stats. 1919, p. lxxxiii) in separate counts of the same complaint, was convicted on both counts and appeals from the judgment and from an order denying his motion for a new trial. The charging part of each count alleges that the defendant did "ask and demand, receive, take, accept and charge" interest on a loan at a rate greater than twelve per cent per annum.

At the trial it was stipulated that the complaining witness, one Melton, executed two promissory notes, on which the two counts of the complaint are based, and which were introduced in evidence as exhibits "A" and "B". Exhibit "A" became due as to all unpaid principal seven months from date and exhibit "B" eight months from date, and each of them provided for interest at the rate of eight per cent per annum from date. The payee named in each note was one Wills, and the evidence is undisputed that Wills

indorsed the notes without recourse, that Melton took them and another like note to South Pasadena Loan Company, a corporation, of which appellant was secretary, delivered them to an agent of that company, and received a check in favor of Wills for seventy-five per cent of the aggregate principal sum of the notes, that Wills indorsed this check and handed it back to Melton, and that Melton received the money on it. There is also evidence sufficient to support a finding that the whole transaction was in fact a loan by South Pasadena Loan Company to Melton, the amount loaned being seventy-five per cent of the principal of the notes, and that the interposition of Wills was a mere device to conceal the true nature of the transaction. There is a conflict of evidence on the latter point, but that was a matter for the trial court to determine and we cannot review its decision in that respect. The evidence is clearly sufficient to show that there was a loan to Melton by South Pasadena Loan Company, at a rate of interest exceeding twelve per cent per annum, in contravention of section 2 of the Usury Law.

Appellant contends that even though the usurious interest was agreed upon, it was not paid and therefore no criminal offense was committed. Respondent argues that the mere making of an agreement for usurious interest is a crime under the Usury Law. The part of section 3 of the Usury Law which declares what violations of its terms are crimes begins with the statement that "any person, company, association, or corporation who shall ask, demand, receive, take, accept or charge more than twelve per centum per annum upon the sum of money actually loaned for the forbearance, use or loan thereof, when the repayment of the money loaned shall be secured by a mortgage, trust deed", etc., shall be guilty of a misdemeanor. The Supreme Court has held, however, that the whole clause, a part of which is above quoted, is unconstitutional and void because it discriminates between loans on different classes of securities. (*In re Washer,* 200 Cal. 598 [254 Pac. 951].) The provision immediately following, which purports to make criminal the taking of excessive commissions on loans, was likewise held unconstitutional in *Wallace* v. *Zinman,* 200 Cal. 585 [62 A. L. R. 1341, 254 Pac. 946].

The only effective provision left in the law for any criminal prosecution is that part of section 3 declaring it a misdemeanor to "violate the provisions of sections 1 and 2 of this act". Section 1 contains nothing directly applicable to the present case. Section 2 provides that "no person, company, association or corporation shall directly or indirectly take or receive in money, goods or things in action, or in any other manner whatsoever, any greater sum or any greater value for the loan or forbearance of money, goods, or things in action, than at the rate of twelve dollars upon one hundred dollars, for one year". It will be noted that the controlling words here are "take or receive"; that is, one is guilty of a violation of this section, and therefore of a misdemeanor, only if he takes or receives usurious interest. A subsequent part of section 2 makes void any contract to pay interest which conflicts with the provisions of that section, but this provision is not so worded as to prohibit the making of such a contract, and hence it affords no basis for holding that one who does so violates section 2.

The part of section 3 first above quoted contains besides the words "receive, take", the additional terms "ask, demand, accept or charge", which are not found in section 2; and while this part of section 3 is not enforceable, for constitutional reasons, yet it may be examined and compared with other parts of the law for the purpose of ascertaining the meaning of the valid portions thereof. (36 Cyc. 1131, 1132; *Ex parte Fedderwitz,* 6 Cal. Unrep. 562, 572 [62 Pac. 935, 940].) It is a settled rule of statutory construction that where different language is used in the same connection in different parts of a statute, it is presumed the legislature intended a different meaning and effect. (*McCarthy* v. *Board of Fire Commrs.,* 37. Cal. App. 495 [174 Pac. 402].) On comparison of the two sections, the inference is plain that had the legislative power intended to stamp the mere making of a contract for usury as a violation of section 2, it would have added to the words "take or receive" therein, some or all of the words used in conjunction with them in section 3.

The provision of section 2 under consideration is closely connected with the first sentence of section 3, which provides that "every person, company, association, or corporation who for any loan or forbearance of money, goods, or things

in action, shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two'', may recover from the payee treble the amount of the usurious interest paid, by an action brought in one year after payment. That is, section 2 prohibits the receiving of usurious interest and section 3 authorizes the person who has paid it to recover back treble the amount paid. Obviously these are correlated provisions and refer to the same transaction, which is, on the one side, a taking or receiving, and on the other, a payment or delivery. The decisions made under section 3 as to what constitutes a payment are therefore in point here. Those decisions are unanimous that the mere making and delivery of a contract to pay usurious interest, even though it be in the form of a promissory note, do not amount to a payment of such interest and hence give rise to no right of recovery under section 3. (*Coulter* v. *Collins,* 71 Cal. App. 381 [235 Pac. 465]; *Haines* v. *Commercial Mtg. Co.,* 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]; *Duke* v. *Levy,* 208 Cal. 376 [281 Pac. 496].) A like construction was put upon a usury law very much like ours, in *Clark* v. *Badgley,* 8 N. J. L. 233. It follows that the same state of facts does not furnish a basis for a criminal prosecution on a charge of receiving usurious interest.

 This construction of section 2 results in a progressive application of the various sanctions of the usury law, and gives the lender at usury a *locus poenitentiae,* as it is often called in the decisions. If he enters into an usurious agreement, he at once subjects himself to the loss of the interest provided for therein, but not to any other penalty of the law. If, however, he persists in his unlawful purpose and actually receives any of the usurious interest, he becomes liable to the penalty of treble the interest so received and also to a criminal prosecution. Appellant contends that he did not take this second step.

 There is in the record evidence sufficient to warrant the conclusion that appellant participated as an officer of South Pasadena Loan Company in making these loans and knew their usurious character, but there is no direct evidence that any interest was paid upon the loans. Each of the notes was payable in monthly installments of $20 or more, which by its terms were applicable first to interest

then due, and the remainder to principal. Copies of these notes were received in evidence under a stipulation that they had been executed and that the copies might be introduced in evidence with the same force and effect as if the originals were presented. The copies of these notes contained in the record show that certain payments were indorsed on the backs thereof, a part of which were applied to interest. The record leaves a question in our minds whether these indorsements were received in evidence. But, assuming that they were in evidence, there is no evidence showing when or by whom they were made. It is held in some cases, in actions between the parties to a note, that without such proof indorsements are presumed to have been made by the payee or holder, leaving to the holder the burden of explaining them. (8 Cor. Jur. 1015; *Bell* v. *Campbell*, 123 Mo. 1 [45 Am. St. Rep. 505, 25 S. W. 359].) If we accept this rule, we still find nothing showing appellant's complicity in the receipt of these payments as interest. He testified that after the notes were received by South Pasadena Loan Company, he took them over at their face value in settlement of his interest in the company, which was then in liquidation, and that some payments had then been made on the notes; but he was speaking of payments upon the principal. The date when he took the notes over was not stated and the evidence nowhere shows that any of the payments were made to him, either on his own account or for the company, or that he consented to the application of any part of them to interest, or had knowledge of it.

Under the circumstances testified to by appellant, it is apparent that if the payments were not made to him as holder of the note, they must have been made to South Pasadena Loan Company while it was the holder and while he was its secretary. The trial court expressed the opinion that the mere fact that appellant was secretary of the corporation when it received usurious interest made him criminally liable therefor, relying upon the provisions of section 3 of the Usury Law that "the penalties herein provided for the violation of this section and said sections 1 and 2, shall apply to and be imposed upon each member of any unincorporated company, association, or of any copartnership and upon each officer and director of a corporation who shall violate either of said sections". This construction

of the law was not seriously defended by respondent at the argument, and we are satisfied that it is incorrect. The relative pronoun "who" is properly used with reference to persons and manifestly refers back to the words "member" and "officer and director". The references to an unincorporated company, association or copartnership, and to a corporation, are merely for the purpose of describing the members, officers and directors who are to be subject to the penalties. The effect of the language quoted is simply to impose the penalties of the section upon each member, officer or director who shall violate section 1 or section 2 in connection with the business of any of the various organizations named. So construed, it requires conscious participation in the violation of either section by the member, officer or director who is to be punished therefor. The mere fact that he is such member, officer or director at the time of the violation, is not enough. The contrary construction would make the statute oppressive and unjust, and should therefore be avoided if possible. "An officer of a corporation is not criminally answerable for any act of a corporation in which he is not personally a participant." (*Otis* v. *Superior Court,* 148 Cal. 129 [82 Pac. 853]; see, also, *State* v. *Ross,* 55 Or. 457 [42 L. R. A. (N. S.) 601, 104 Pac. 596, 603, 106 Pac. 1022], and authorities there cited.) Construing a statute which made punishable "whoever without lawful authority shall have in his possession" dies useful for counterfeiting, but contained no such words as "knowingly" or "wilfully", the United States Supreme Court, in *Baender* v. *Barnett,* 255 U. S. 224 [65 L. Ed. 597, 41 Sup. Ct. Rep. 271, see, also, Rose's U. S. Notes Supp.], said:

"The statute is not intended to include and make criminal a possession which is not conscious and willing. While its words are general, they are to be taken in a reasonable sense, and not in one which works manifest injustice or infringes constitutional safeguards. In so holding we but give effect to a cardinal rule of construction recognized in repeated decisions of this and other courts."

We therefore conclude that there is no evidence sufficient to charge appellant with criminal responsibility for the receipt of the usurious interest which appears to have been paid on these notes.

For the foregoing reasons, the judgment must be reversed, and hence other matters do not require consideration. We note that although the court found appellant guilty on both counts of the complaint, only one judgment was rendered, that the charging parts of the two counts in the complaint are identical as to all matters descriptive of the offenses, and that the two notes upon which these counts are founded are also identical except as to dates of maturity. Under these circumstances, there would manifestly be some difficulty in determining which count was established, if it should be proved that appellant had 'participated in the receipt of usurious interest on but one of these notes. But as a new trial of this case must be had in the superior court, we express no opinion in regard to the effect of these matters. ██ Although appellant has attempted to appeal from the order denying his motion for a new trial, no such appeal is provided for (Pen. Code, sec. 1468), and hence that appeal must be dismissed.

The judgment is reversed and a new trial of the case is ordered in the superior court. The appeal from the order denying appellant's motion for a new trial is dismissed.

Bishop, J., and Tappaan, J., *pro tem.*, concurred.