[Civ. No. 8061. First Appellate District, Division Two.—January 20, 1932.]

REBECCA RICHLIN et al., Respondents, v. ABRAHAM SCHLEIMER et al., Appellants.

Max Schleimer for Appellants.

Mark F. Jones and G. J. Oppegard for Respondents.

SPENCE, J.—The trial court entered its judgment decreeing that a note and deed of trust executed by plaintiffs in favor of certain defendants constituted an usurious transaction and further decreeing that upon payment by plaintiffs to said defendants within thirty days of the sum legally due and unpaid on said note, to wit—the sum of $437.70, said defendants be enjoined from foreclosing said deed of trust and be required to cancel the instruments and reconvey the premises to plaintiffs. Defendants appeal from said judgment solely upon the judgment-roll.

Many points are argued in appellants' briefs, but all are directed to the proposition that their demurrers to respondents' complaint should have been sustained. We shall therefore briefly outline the essential allegations of said complaint which was filed on December 12, 1927.

■ Respondents alleged that they were at all times the owners of the real property described; that in March, 1924, they borrowed from appellants the sum of $1750 and no more; that in order to obtain said loan appellants required and exacted from respondents a deed of trust upon said property securing their promissory note in the principal sum of $2,500 with interest at eight per cent payable in monthly installments of $75 each for thirty-five months when the entire sum was to become due; that no money or further consideration was loaned or given to respondents other than said sum of $1750 and that appellants exacted a grossly usurious rate of interest in excess of the amount allowed by law by requiring respondents to execute said note in the principal sum of $2,500 as aforesaid; that after executing said note respondents paid to appellants twenty installments of $75 each, the last of which installments was paid on December 20, 1925; that on or about October 26, 1927, appellants caused to be recorded a notice of default and election to sell under the deed of trust and made demand for sale upon the trustee therein named; that notice thereof was given to respondents on or about November 4, 1927, and that appellants were threatening to sell the property described to satisfy an alleged claim of $1187.70 with interest from December 20, 1925, at the rate of eight per cent per annum, being the amount which appellants claimed to be due under said note and deed of trust; that in truth and in fact there was but $175 and no more due from respondents to appellants; that respondents tendered into court and agreed to pay to appellants said sum of $175 or such other sum as the court might find to be due to appellants; that appellants would proceed to sell said property unless enjoined therefrom and that respondents had no plain, speedy or adequate remedy at law. The prayer, in addition to general relief, prayed for an injunction and cancellation of the note and deed of trust.

The trial court found the allegations of the complaint to be true except as to the amount legally due to appellants. In this connection it found that of the payments made by respondents, the sum of $1312.30 had been paid upon principal and that the balance due upon the principal sum was $437.70. It further found that as to the remaining sum previously paid by respondents as interest, "the statute of limitations had run against the right of the plaintiffs to have said sum

set off or applied upon the principal of said note and deed of trust''. Its findings were against appellants' defenses set up in their answers as well as their demurrers including the statute of limitations, laches, waiver and estoppel and accordingly judgment was entered as above indicated.

The complaint sufficiently pleaded the usurious nature of the transaction. The attempt to disguise the usurious rate of interest by increasing the principal sum of the note was futile for if the lender receives any benefit in excess of the rate permitted by law, the contract is usurious. (14 Cal. Jur. 686.) But appellants contend that their demurrers should have been sustained upon the grounds that it appeared from the complaint that respondents' cause of action was barred by the statute of limitations and by laches and that the making of twenty voluntary payments as alleged by respondents in their complaint gave rise to a waiver and estoppel. We find no merit in any of these contentions. Appellants' attack upon the complaint is based upon a misconception of the nature of the action and upon a misconception of the rights of the borrower under the Usury Law. (Deering's Gen. Laws, Act 3757.) This was an action whereby respondents sought to have determined the amount legally due to appellants under a note heavily charged with usury and to enjoin the threatened enforcement of the usurious portion of the obligation upon payment of the amount legally due. It was not an action seeking to recover treble damages for interest paid under an usurious contract.

The Usury Law contains two distinct provisions affecting the rights of the borrower. The first is contained in section 2 which provides that ''Any agreement or contract of any nature in conflict with the provisions of the section shall be null and void as to any agreement or stipulation therein contained to pay interest . . . '' The second is found in section 3 which allows the recovery of treble the amount paid as interest under the usurious contract providing the action is brought within one year from the payment thereof. The right of the borrower to recover treble damages under section 3 is definitely limited to the time prescribed but the right of the borrower under section 2 to assert the invalidity of the agreement as to unpaid interest continues so long as the contract remains executory. This proposition seems to

be conceded by appellants so far as it applies to a borrower named as a defendant in an action brought at any time to foreclose a mortgage given to secure an usurious note. But according to appellants' theory, the borrower would have no protection against the sale of his property under a deed of trust securing such usurious note unless he brought his action to enjoin the sale within one year after the last payment of interest. Appellants' position is untenable for in either case the Usury Law is being used by way of defense against the enforcement of the usurious obligation and not for the purpose of inflicting a treble penalty upon the lender.

Both appellants and respondents refer to *McCarthy* v. *First Nat. Bank,* 223 U. S. 493 [56 L. Ed. 523, 32 Sup. Ct. Rep. 240]. In that case the court said at page 498: "As to the defense (usury), there is no statute of limitations. Whenever sued the debtor may plead the usurious contract and be relieved from paying any interest whatever. But if he elects to avail himself of the cause of action, he must sue 'within two years from the time the usurious transaction occurred'." In that case the plaintiff was attempting to recover the double penalty provided by statute and it was held the cause of action was barred. The decision, however, is not authority for the proposition that the limitation applies to an action like the present one brought to prevent the enforcement of the usurious obligation. ▮ We would go further than indicated by the language of the opinion for we believe the true rule under our statute to be that when the lender attempts at any time to enforce· the usurious obligation by action or otherwise, there is no statute of limitations which bars the right of the borrower to assert the invalidity thereof as to unpaid interest and he may do so in any appropriate manner which the circumstances may require. We deem it immaterial that by reason of the nature of foreclosure proceedings under a deed of trust, it becomes necessary in such case for the borrower to assert his rights as plaintiff in an action seeking to enjoin the threatened foreclosure rather than as a defendant urging his defense in an action brought by the lender.

▮ The complaint shows that respondents acted promptly in seeking to· enjoin the enforcement of the obligation when foreclosure under the deed of trust was threatened and

appellant's claim that respondents were guilty of laches cannot be sustained. Nor is there any merit in appellants' contention that respondents waived their rights and are estopped to assert the same by virtue of the facts that they made twenty monthly payments upon the usurious note. Payment alone does not constitute a waiver or estoppel under the Usury Law of this state. In fact, under the terms of section 3 of the statute, treble damages may be recovered by the borrower only after payment of the usurious interest. (*Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 959, 255 Pac. 805]; *Coulter* v. *Collins*, 71 Cal. App. 381 [235 Pac. 465].)

 As above indicated, the complaint was sufficient and was not subject to the attacks made upon it by the demurrers of appellants and in our opinion the trial court performed its duty "to assume full and complete jurisdiction in the premises and make and state the account between the parties and make plenary disposition of all the issues involved in the action". (*Haines* v. *Commercial Mtg. Co.*, *supra*, p. 619.)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.