[No. 5479.]
[No. 3149 C. A.]

BUTLER v. HANDS ET AL.

1.  Juries—Peremptory Challenges—Nature and Right—Common Law.

A peremptory challenge is not permitted at common law, and the right exists, if at all, by statute; but it is a valuable right, and unless the statute regulating peremptory challenges excludes its application to a special jury, it should be held to exist.—P. 542.

**2. County Courts—Special Juries—Peremptory Challenges.**

Either party to an action in the county court, where a special jury is summoned under § 1093, Mills' Ann. Stats., is entitled to four peremptory challenges, and the county judge in his discretion may order such number of jurors summoned as he may deem necessary.—P. 544.

*Appeal from the County Court of La Plata County. Hon. Chas. A. Pike, Judge.*

Action by William Hands and Susan Hands against H. S. Butler. From a judgment for plaintiffs, defendant appeals.    *Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL dissent.

Mr. O. S. GALBREATH, for appellant.

Messrs. MELVILLE & CLEMENTS, for appellees.

CHIEF JUSTICE STEELE delivered the opinion of the court:

There is but one question raised by the brief of counsel for the appellant, and that relates to the alleged error of the court in refusing to permit the exercise of a peremptory challenge. The regular panel of jurors not being in attendance upon the county court, one of the parties advanced the fees and demanded a jury of six, as provided by section 1093, Mills' Ann. Stats. After the jurors were passed for cause and the plaintiff had waived peremptory challenges, the defendant challenged one of the jurors and the court overruled the challenge. The section under which the jury was summoned makes no provision for challenges, and it is contended that, there being no provision made for such, the right to challenge does not exist when a jury is summoned under this section. A peremptory challenge is not granted by the common law, and the right exists, if at all, by virtue of a statute. The section of the statute has been upheld by the court of ap-

peals in *Pitkin County v. First National Bank,* 6 Colo. App. 423, and it is there held that the section applies when for any reason jurors of the regular panel are not in attendance. The section provides the manner in which a jury in the county court shall be summoned, but does not prescribe the mode of impaneling such jury; and we must determine whether the Code of Civil Procedure, which does provide for impaneling jurors in all courts of record, does or does not apply to the special jury summoned under the section mentioned. Counsel for the appellee contends that chapter 13 of the Code was intended to apply to the regular panel, and not to a special jury summoned under section 1093 mentioned. That some of the sections of the chapter do not apply is evident. That portion of section 179 which provides that the jurors shall be drawn by chance from the whole number of jurors in attendance, of course, cannot apply to a special jury. The purpose of the section is to secure to each party an impartial jury, and to prevent the officer whose duty it is to call the names from making a selection, but where a special jury is summoned the officer calls the names of all the jurors summoned. This section was not designed as a limitation upon the right of challenge and it does not repeal the former law which granted peremptory challenges. But section 181 of the Code, we think, does control the procedure, and by that section it is provided that each party shall be entitled to four peremptory challenges. This section appears in the Code of 1877 and was intended to and did supersede the statute authorizing peremptory challenges in civil cases.

Counsel says that if peremptory challenges had been allowed and exercised, as but six jurors were summoned, the jurors would all have been excused and no way left to fill the panel. This condition

would result if challenges for cause had been sustained, and counsel does not contend that the right of challenge for cause does not exist where a special jury is summoned under the section. The right to peremptory challenge is a valuable right, and unless the Code regulating the manner of challenges is such that the right cannot be exercised, we must hold that the right exists, as declared in the section of the Code we have quoted. Section 185 of the Code, which provides the mode of challenging, requires that, after the challenges for cause have been completed there shall remain on the panel eight jurors more than the number who are to compose the jury. This requires that when the jury is to be composed of six there shall be fourteen jurors in the box until the peremptory challenges are exhausted. This method of challenging is very different from that provided by the Code of 1877. The act for the Code and section 1093 of the statutes were passed at the same session, and the two acts were entirely harmonious and provided a less complicated method of challenging when special jurors were summoned; and, although the Code now in force deprives litigants of some of the advantages intended to be conferred by the section providing for special juries, section 1093 and the Code are not so inharmonious that they may not both stand as the law regulating the summoning and impaneling of special juries. The statute does not limit the number of jurors to be summoned, and the county judge may order such number summoned as in his discretion will be required, and the seeming difficulty of applying the statute may be overcome by the making of proper rules concerning the summoning of special juries.

For the reasons given, the judgment will be reversed. ·                  *Reversed.*

Decision *en banc.* Mr. JUSTICE GABBERT and Mr. JUSTICE MAXWELL dissent.