[No. 8448.]

## INDEPENDENCE COFFEE AND SPICE CO. V. KALKMAN.

1. TRIAL—*Examination of Juror on Voir Dire.* Considerable latitude is allowed, of necessity. The plaintiff is entitled to inquire if any member of the panel has an interest in a corporation which has, or is supposed to have, indemnified the defendant against the liability asserted. (100.)

2. —— *Discretion of the Court.* Action against the corporation for a personal injury. A juror, examined as to his competency, admitted that he entertained a sympathy—but not more than others—for one suffering from an accident; that he would not require evidence to overcome such sympathy; that he was not conscious of any prejudice in favor of an injured party, or of any prejudice against any corporation, as such; that if accepted as a juror he would obey the charge of the court and follow the evidence for the facts. Held that the question as to the juror's competency was largely for the trial court; and that in accepting the juror there was no abuse of discretion. (100, 101.)

3. —— *Questions for the Jury.* Action by servant against master for injuries attributed to a defect in the master's appliances. Whether the servant in receiving the injury was acting within the line of his duties, and whether he was guilty of contributory negligence, are, where the evidence is conflicting, questions for the jury. (103.)

The jury are entitled to consider the conditions shown to exist, and the attending circumstances, and determine the inferences properly deducible therefrom. (102.)

4. INSTRUCTIONS—*Invading the Province of the Jury,* e.g stating as facts matters as to which the evidence is in conflict, are properly denied. (104.)

So an instruction, in effect, to find for defendant, where the evidence warrants a finding for the plaintiff. (103.)

5. FACTORY ACT—*Belt Shifters.* The evidence examined and held sufficient to establish the practicability of using a belt shifter in defendant's establishment as required by c. 132 of the acts of 1911. (101, 102.)

*Semble,* the question of the practicability or impracticability of using the belt shifter is for the jury. (103.)

6.  APPEAL AND ERROR—*What May Be Assigned for Error.* A party will not be heard to complain of the failure of his adversary to produce evidence of a character, to which, during the trial, he expressly objected for incompetency. (102, 103.)

*Error to Denver District Court.* Honorable JOHN H. DENISON, Judge.

Mr. W. E. CLARK, for plaintiff in error.

Messrs. CRUMP & ALLEN, for defendant in error.

HILL, J., delivered the opinion of the court.

The defendant in error was awarded $10,000 damages for the loss of his left arm and other injuries sustained through the alleged negligence of the plaintiff in error while in its employ. The defenses were a denial of the negligence, the assumption of the risk, and contributory negligence. We shall refer to the parties as designated in the trial court.

Over objection, plaintiff's counsel was allowed to ask the prospective jurors, collectively, upon their *voir dire,* if they knew any of the officers of The Globe Indemnity Company, to which none answered. He then asked if they knew Mr. Ralph W. Smith, to which none replied. Objection was then made to these last two questions and sustained by the court. Another prospective juror was asked if he was interested in The Globe Indemnity Company, he answered "No sir, I know Mr. Smith." Counsel for defendant then interposed an objection to all interrogatories in any way referring or relating to Mr. Smith stating that he in no way appeared to be interested in the controversy, etc. Counsel for plaintiff stated that he started out with the idea of interrogating the witness regarding Mr. Smith, because he apprehended he was vice president and agent of The Globe Indemnity Company. The objection was sustained. It is claimed that it was prejudicial error to have any of these questions asked and those answered concerning the indem-

nity company. We cannot agree with this conclusion. It must be remembered that these questions were submitted on the jurors' *voir dire* during which considerable latitude must, of necessity, be allowed for the purpose of exercising peremptory challenges. The objections to those referring to Mr. Smith and the juror's acquaintance with the officers of the indemnity company were sustained, at one of which times counsel for the defendant stated that he, Smith, was in no way interested. This was not challenged, and if it was improper to ask concerning their acquaintance with him or the officers of the indemnity company (a question unnecessary to determine) we cannot conceive of any harm that could come from it. Those pertaining to their interest, if any, in The Globe Indemnity Company were proper. If the defendant was indemnified by that company, the plaintiff had the right to know if any prospective juror was interested in it. *Vindicator Consolidated G. M. Co. v. Firstbrook,* 36 Colo. 498, 86 Pac. 313, 10 Ann. Cas. 1108.

Error is assigned upon the overruling of defendant's challenge for cause to the prospective juror Reed, based on his answers to questions concerning his qualifications, some of which, when standing alone, tend to disclose a feeling of sympathy for one suffering such an accident, account of. him, some member of his family or some friend having once been involved in such a case. The matter is not at all clear, but for which reasons he preferred not to sit as a juror, but he also stated that he was not conscious of any prejudices in favor of one who had been injured, nor was his sympathy such that it would require evidence on behalf of defendant to overcome it; that he was not conscious of any prejudice against any corporation as such; that he did not think his sympathy any more different than that which other men feel for an unfortunate; that he did not think he was less able to control it than other men; that if he was sworn to try the case he would obey the instructions of the court and

take the evidence from the stand for the facts. In such circumstances, the question rests largely in the discretion of the trial court, and when his testimony is considered as a whole we cannot agree that the court abused its discretion in this regard.—*Mooney v. The People*, 7 Colo. 218, 3 Pac. 235; *Denver S. P. & P. R. Co. v. Moynahan*, 8 Colo. 56, 5 Pac. 811; *Collins v. Burns*, 16 Colo. 7, 26 Pac. 145; *Thompson v. The People*, 26 Colo. 496, 59 Pac. 51; *Babcock v. The People*, 13 Colo. 515, 22 Pac. 817.

We find no prejudicial error in the admission or rejection of testimony. The contentions concerning it are not serious enough to justify a detailed discussion.

The accident occurred while the plaintiff (a young man twenty-five years of age, inexperienced in this line), was attempting to put a belt onto the pulley of a driving shaft, for the purpose of operating a machine, with this belt, from the main shaft, for the grinding of vanilla beans, etc. There was no loose pulley or belt shifter or device of that nature provided for this purpose. There is also testimony that this machine was out of alignment; that the belt came off frequently and the foreman had tied a broomstick onto the leg of the stand to which the machine was attached, in such a manner as would cause it to act as a guide to hold the belt on the pulley; that the broomstick was pushed to one side when starting the machine.

Section 2 of our Factory Act of 1911 provides that such machinery shall be provided with belt shifters or other mechanical contrivances for the purpose of throwing on or off belts or pulleys, while running, where the same are practicable with due regard to the nature and purpose of said belts, and the dangers to employes therefrom, etc.

It is earnestly urged that there was a total lack of testimony showing that it was practicable to provide and maintain such belt shifters or other mechanical contrivances for the machinery under consideration. The plaintiff con-

tends that when the testimony is considered as a whole, there is ample for this purpose, and calls attention that it was not necessary, and even might be incompetent, to have witnesses testify directly to that fact, as it was for the jury to determine. He also calls attention that the conditions there and surrounding circumstances were placed before the jury, including the testimony of the deputy factory inspector, Mr. Howe, to the effect that he ordered belt shifters to be put on, etc., and that no evidence was offered by the defendant to show that it was not practicable to do so. The plaintiff further contends that the provisions of section 11 of the Factory Act were intended to place the burden of proving the impracticability upon the owner, etc. The latter contention is unnecessary to determine. In our opinion, the evidence was sufficient to go to the jury upon the former. Mr. Howe, the deputy state factory inspector, testified that he told one of the officials that he wanted the belt shifters placed upon the machines, and that this official said "I will attend to it, I will attend to this matter." The witness Murphy, an employe of the defendant, testified that immediately after the accident he heard this official say "I told Charley to fix that machine." This testimony was not denied by this official. In our opinion this testimony, coupled with the description of the machine, its then condition, and all the surrounding circumstances which were submitted to the jury, was sufficient to make at least a *prima facie* case on this subject and put the defendant upon proof to the contrary. *Corell v. Williams & Hunting* (Iowa), 148 N. W. 633; *Murray v. Daley*, 164 Iowa 612, 146 N. W. 451; *Inland Steel Co. v. Ilko*, 181 Ind. 72, 103 N. E. 7; *Denver, S. P. & P. R. Co. v. Wilson*, 12 Colo. 20, 20 Pac. 340; *Tate v. Standard Mirror Co.*, 165 N. C. 273, 81 S. E. 328.

Mr. Howe was asked if it was practicable, etc., and the defendant's objection was sustained to this question, its counsel then contending that the question was not proper

for the reason that it was for the jury to determine, etc. In such circumstances the defendant ought not now to complain that this matter was not proven in the manner which it objected to at the trial, but regardless of this the rule which it then contended for appears to be the correct one. *Mining Co. v. Broderick,* 25 Colo. 16, 53 Pac. 169, 71 Am. St. 106; *Coe v. Van Why,* 33 Colo. 315, 80 Pac. 894, 6 Ann. Cas. 552; *Denver, S. P. & P. R. Co. v. Wilson,* 12 Colo. 20, 20 Pac. 340; *Bills v. City of Ottumwa,* 35 Iowa, 107.

Whether the plaintiff was within the scope of his employment in attempting to place the belt upon the pulley or in doing so was a mere volunteer, was a question for the jury. The testimony is conflicting upon this subject. It is conceded that it was not within his prescribed duties when he first went to work for this company, but there is testimony that his duties were enlarged from time to time and ultimately included the performance of the labor which he was starting to perform at the time of the accident. Whether the plaintiff carelessly exposed himself to the danger or attempted to perform his work in the presence of an obvious peril, was also a question for the jury, subject to proper instructions which were given. In the circumstances of this case, we cannot agree, as a matter of law, that the plaintiff was guilty of contributory negligence; that question was properly submitted to the jury.

We find no error in the court's refusal to give defendant's offered instructions Nos. 16, 17, 18, 19 and 20. They were to the effect that the jury should disregard certain specific acts of negligence which were proper for the jury and not for the court to determine, as was stated in the instructions given. The effect of instruction No. 21 offered would have been the same as an instruction to find for the defendant. It was properly refused. No. 22 pertaining to the defendant's rules was bad in the form offered. *Caspar v. Lewin,* 83 Kan. 799, 109 Pac. 657, 49 L. R. A. (N. S.) 544.

Its material substance was also covered by the instructions given pertaining to contributory negligence. No. 24 states certain facts to exist which were for the jury to determine. It was likewise properly refused.

When considered as a whole, we find no prejudicial error in the instructions given. We cannot agree that they are in conflict with any former opinion of this court. The difficulty with the attacks upon them is the unwillingness of the defendant to concede to the plaintiff the right to have the jury pass upon certain material questions of fact proper for them, and not for the court, to determine; and also in apparently being unwilling to concede that, in determining the facts, the jury had the right to consider the conditions shown to exist, and all the surrounding circumstances and to determine the legitimate inferences properly deducible therefrom.

Perceiving no prejudicial error the judgment is affirmed.

*Affirmed.*

Chief Justice GABBERT and Mr. Justice GARRIGUES concur.

Decided March 6, A. D. 1916. Rehearing denied April 3rd, A. D. 1916.