## No. 17,697.

RICHARD F. HORLBECK, ET AL. *v*. LEONA WALTHER.

(291 P. [2d] 688)

Decided December 12, 1955.   Rehearing denied January 16, 1956.

Mr. HOWARD E. ERICKSON, for plaintiffs in error.

Mr. ELIAS J. CANDELL, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS case was before us in cause No. 17,428. On January 17, 1955, we dismissed the writ of error for the reason that, "Nowhere in the record submitted by plaintiffs in error does it appear that a judgment was entered against them in the trial court." *Horlbeck v. Walther,* 131 Colo. 36, 279 P. (2d) 434. Petition for rehearing was denied January 31, 1955.

March 12, 1955, plaintiffs in error here, who were defendants in the district court action, filed their petition in the trial court in which it was alleged that on February 6, 1954, the trial court, "Entered its findings and memorandum of decision," and directed the entry of

judgment against them in the sum of $3,643.80; that the clerk inadvertently failed to enter judgment, as directed, in the registry of actions, "commonly called the Docket Book of said Court; and failed to enter any judgment whatever"; that due to the absence of any judgment the Supreme Court dismissed the writ of error; that the Judgment Book of the trial court records contained entries in which defendants were identified as judgment debtors, and plaintiff as the judgment creditor, in the sum of $3,643.80; and that based on said entry plaintiff was preparing to levy execution to effect collection of said amount.

The prayer of the petition was that the court decree:

"1.   THAT no judgment entered in this Court pursuant to its direction of February 6, 1954; or otherwise;

"2.   THAT the recording of the judgment in Judgment Book A, at Page 83, was a nullity and that the Clerk of this Court be directed to delete the entry of said Judgment from said Judgment Book;

"3.   THAT Plaintiff and her attorney be restrained from attempting execution thereon;

"4.   THAT the issuance of any transcripts of judgment heretofore made or given by said Clerk of said Court be declared a nullity and void and that the recording of the same be held for naught;

"5.   For such and other and further relief as to this Court may deem meet and proper in the premises."

Upon hearing of this petition the trial court decreed as follows:

"NOW THEREFORE The Court again directs the Clerk to enter judgment in this case in accordance with the direction contained in said "Statement of Court, Memorandum of Decision, Direction for Vacation of Former Judgment, and Entry of New Judgment" dated February 6, 1954, in the Civil Order Book, sometimes known as Civil Judgment Book, and also in the Civil Docket, and immediately thereafter to enter the same or note said judgment in its Judgment Docket.

"Further, that said judgment be entered as of March 24, 1955.

"Done and dated in Chambers at Golden this 24th day of March, 1955."

Motion for new trial was dispensed with and judgment was entered pursuant to said direction.

On behalf of plaintiffs in error it is argued that the action of the trial court in vacating the court order entered in 1954, and directing the entry of judgment as of March, 1955, was correct, and that as to that phase of the controversy the trial court should be sustained. Reversal of the judgment is sought upon determination of questions going to the merits.

Counsel for defendant in error argues that any further action taken by the trial court relating to entry of judgment beyond that ordered in 1954 should have been nunc pro tunc as of that date; that to hold otherwise would be to deny lawful interest upon the judgment to which he was entitled as of that date; and that "a trial court may not extend the time for review by writ of error beyond the time provided for by the Rules of Civil Procedure by determining the date at which a judgment shall be entered on the records of the Court."

The contentions of the parties as above set forth relate exclusively to procedures which followed the action of this Court in dismissing the writ of error in cause No. 17,428. We are now called upon to consider the merits of the contentions made by the parties and this involves the factual situation hereinafter set forth.

July 10, 1951, defendant in error executed a promissory note for $10,000.00 payable to the order of plaintiffs in error in monthly installments of $100.00 or more plus interest thereon at the rate of eight per cent per annum. Plaintiffs in error were not licensed money lenders. To secure payment of this loan defendant in error executed a first deed of trust upon real estate located at Evergreen, Colorado, and also a chattel mortgage covering certain furniture and fixtures in and upon said real es-

tate. Although the note which she signed was for the principal sum of $10,000.00 she actually received only $9,000.00  Two monthly payments, aggregating $332.66, were made by her on this note. In May, 1952, foreclosure proceedings were instituted by plaintiffs in error resulting in the issuance of a certificate of purchase to them on June 30, 1952, and, pursuant to the terms of the chattel mortgage the property covered thereby was sold at private sale for the sum of $399.10. The amount bid by plaintiffs in error at the real estate foreclosure sale was $11,000.00. The amount of indebtedness claimed to be due them at the time of the foreclosure sale, as provided by the promissory note and deed of trust, was $11,399.10. Thus as a result of the real estate foreclosure and the amount realized at the chattel mortgage sale, the exact amount claimed by plaintiffs in error to be due on the note was paid. Defendant in error did not redeem, and a trustee's deed issued for the real estate January 6, 1953. February 24, 1953, she filed her complaint in which she sought to recover from plaintiffs in error treble the amount of overcharges alleged to have been received by them in connection with the above mentioned loan transaction.

## Questions to be Determined.

First: *When a writ of error is dismissed for the reason that no judgment was entered against plaintiffs in error upon conclusion of the trial; and where application is made for the entry of a final judgment in the trial court, following dismissal of the writ of error in the Supreme Court; did the trial court commit error in entering said judgment as of the date upon which that action was taken even though thirteen months elapsed between the conclusion of the trial and the formal entry of the judgment following dismissal of the first writ of error?*

This question is answered in the negative. We must bear in mind that the opinion of this Court in *Horlbeck v. Walther, supra,* is the law of the case. In

that case we held that no judgment had been entered by the trial court. We said that although the trial judge had directed the entry of a judgment on February 6, 1954, that direction had not been carried out. If we were to hold that the judgment subsequently entered should have been nunc pro tunc as of February 6, 1954, it would have been impossible for plaintiffs in error to seek review by writ of error within ninety days of the date of judgment. Having held that under the record as originally presented here there was no final judgment to which a writ of error could be directed, the trial court, upon consideration of the motion for the entry of a final judgment, was required to choose between two alternatives. On the one hand it could preserve to plaintiffs in error the right to review by dating the judgment as of the time actually entered. By that choice defendant in error was deprived of interest which otherwise might have accrued. The second alternative was to enter judgment nunc pro tunc making it impossible for plaintiffs in error to seek review within ninety days of the effective date of the judgment.

Under the circumstances of this case we do not think that the trial court committed error in choosing the first of the alternatives above mentioned. If, under the law of the case, no judgment had been entered for the purposes of review, the matter stood before the court in all respects as though it had been held under advisement by the trial judge and judgment was properly entered as of the later date.

We must take this opportunity now to overrule the decision in *Horlbeck v. Walther, supra,* and to disapprove it as authority in cases other than the instant case. Examination of the record discloses that February 6, 1954, the trial court signed a lengthy instrument captioned "Statement of Court, Memorandum of Decision, Direction for Vacation of Former Judgment, and Entry of New Judgment," and that one section thereof was de-

voted to the legal conclusions of the court, in which it said, inter alia:

"* * * that judgment be entered in favor of the plaintiff and against the defendants and each of them for the sum of $3,643.80, and the costs of suit exclusive of attorney's fees.

"A new trial is considered unnecessary and motion therefor is hereby dispensed with. Execution is stayed for thirty days from date hereof.

"To the extent that the motions for a new trial and to amend findings and judgment were not decided by our order of January 20, 1954, or not herein otherwise disposed of, said motions are denied.

"Done and dated in chambers at Golden this 6th day of February, 1954.

"BY THE COURT:              /s/ OSMER E. SMITH,
                                                                Judge."

Notwithstanding our former brief opinion to the contrary, we are now of the opinion that this signed instrument was a final judgment to which a writ of error could be directed, and that this Court was in error in holding to the contrary in disposing of the case when it first was presented to us. *Johnson v. Johnson,* 132 Colo., 236, 287 P. (2d) 49; *Vandy's Inc. et al. v. Nelson et al.,* 130 Colo. 51, 273 P. (2d) 633; *King v. Williams,* 131 Colo. 286, 281 P. (2d) 163.

Second: *Where a loan of money is made by an unlicensed lender who contracts to receive a return in excess of that permitted by statute; where the borrower does not pay and foreclosure of the deed of trust upon real estate is instituted, resulting in the issuance of a certificate of purchase to the lender upon his bid of the amount due according to the terms of the contract; and where a trustee's deed thereafter is executed and delivered to the lender; at what point in the transaction does the lender receive a "sum or value" for the purpose of determining*

*his liability for treble the amount of excessive charges?*

Before answering this question we examine the pertinent statute which is found in chapter 108, Session Laws of Colorado 1913. (C.R.S. 1953, 73-3-1 et seq.) In the case of *Sullivan v. Siegal,* 125 Colo. 544, 245 P. (2d) 860, we held that this statute still was operative notwithstanding abortive attempts to repeal it. The instant case is controlled by it. Under the facts of the case at bar the maximum charge which the lenders were permitted to receive was twelve per cent per annum. The statute provides, inter alia:

"Section 7. Every person who, for any loan, or forbearance, shall have paid or delivered any greater sum or value * * * may, * * * recover * * * against the person who shall have taken or received the same, * * * treble the amount of the money so paid or value delivered * * *."

Defendant in error admittedly did not pay any "greater sum" than that permitted by the statute. She defaulted and suffered a foreclosure. The query then is: What was the "value" received by plaintiffs in error; when did they receive it; and what was it worth?

July 10, 1951, plaintiffs in error received a promissory note secured by deed of trust and chattel mortgage. July 30, 1952, they received title and possession of chattels upon foreclosure of the chattel mortgage. The trial court found the value of the chattels to be $1,000.00. On the same day the lenders received a certificate of purchase and possession of the real estate described in the deed of trust. The face value of the certificate of purchase was $11,000.00 on the date issued. January 6, 1953, they received trustee's deed to the realty.

■ We hold that the note and trust deed received by the lenders did not constitute the "value" received by them under the statute, for these were merely evidence of a promise to pay and a lien to secure the same. The identical situation was presented in the case of *Coul-*

*ter v. Collins,* 71 Cal. App. 381, 235 Pac. 465, where the court said, inter alia:

"We do not need the decisions cited by appellant to convince us that ordinarily a trust deed is 'a thing of value.' But no authority has been produced holding that under such a statute as the one here considered, the note given for a loan, or any instrument of security therefor, is 'a thing of value' paid or delivered, within the terms and intention of the statute providing for such damages."

█ We are persuaded that under the facts disclosed by the record in the instant case, where, upon foreclosure of the chattels and real estate, the lenders bid the exact amount which remained unpaid according to the terms of the promissory note, the "value" received by them was the face value of the certificate of purchase, to-wit, $11,000.00, and the actual value of the chattels to which they acquired title and which the trial court found to be $1,000.00. We hold that the date of the receipt of this total value was July 30, 1952, and that in determining whether excessive charges were made by the lenders we must accept twelve per cent per annum on $9,000.00 from the date of the loan until July 30, 1952, as the amount authorized under the statute.

█ The fact that no redemption of the property followed the trustee's sale, and that thereafter a trustee's deed conveying the real estate was issued to the lenders, does not subject them to the penalty of treble damages for the sum in excess of the bid on foreclosure which might be represented by the market value of the property at the time of issuance of the trustee's deed. We do not believe the legislature intended any such result in adopting the statute under consideration.

The trial court committed no error in computing the damages in harmony with the foregoing rules. This conclusion disposes of the cross specifications of defendant in error in which her counsel argues that she was entitled to treble damages for "value" received by plaintiffs based

upon the market value of the real estate at the time the trustee's deed was delivered.

Third: *Upon the record now before this Court, should we determine whether the trial court erred in allowing expenses of foreclosure, and other items, as a credit to lenders when no opportunity was given it to pass upon objections thereto?*

This question is answered in the negative. Gross error is claimed on behalf of defendant in error in the calculation of certain foreclosure expenses and sums paid for taxes which were allowed the lenders before arriving at the amount of excess value received by them.

The trial court clearly outlines the basis upon which the amount to be trebled was reached. No objection was filed to the inclusion of specific amounts as foreclosure expense and taxes, and the said court was not afforded an opportunity to correct any error which might have been made in connection therewith. The matter is argued in this Court for the first time, and we are not required to correct errors upon which the trial court had no opportunity to pass.

The judgment is affirmed.