**Virginia M. BLADES and Phillip N. Blades, Petitioners,**

v.

**Charles DaFOE and Robert McCurdy, Respondents.**

No. 83SC306.

Supreme Court of Colorado, En Banc.

July 8, 1985.

Rehearing Denied Aug. 19, 1985.

Eugene Deikman, P.C., Denver, for petitioners.

Long & Jaudon, P.C., James A. Dierker, Denver, for Charles DaFoe.

Johnson, Mahoney & Scott, P.C., Brian J. Lampert, Denver, for Robert McCurdy.

NEIGHBORS, Justice.

We granted certiorari to review three issues addressed in *Blades v. DaFoe*, 666 P.2d 1126 (Colo.App.1983), by the court of appeals. First, did the trial court commit reversible error when it granted six peremptory challenges to the defendants in violation of C.R.C.P. 47(h)? Second, did the trial court abuse its discretion in denying the plaintiffs' challenge for cause to a prospective juror? Third, did the trial court accurately instruct the jury on the plaintiffs' lack of informed consent claim?

We hold that each of the errors involving jury selection is reversible and requires a new trial. The abbreviated record on appeal, however, does not provide a sufficient factual basis upon which to evaluate the alleged errors concerning the jury instructions.[1] Therefore, we decline to address the third issue in this case.

## I.

The plaintiffs, Virginia and Phillip Blades, filed medical malpractice claims against the defendant physicians, Charles DaFoe, Robert McCurdy, and Douglas H. Kirkpatrick. The plaintiffs' amended complaint alleged the theories of negligence, assault and battery, and lack of informed consent in connection with the physicians' conduct in performing surgery on Mrs. Blades. The plaintiffs' claims against Kirkpatrick were dismissed on his motion for a directed verdict.[2] The jury returned a defense verdict, finding no negligence on the part of DaFoe and McCurdy.

The plaintiffs appealed the denial of their motion for a new trial to the court of appeals. The court recognized the trial court's error in granting the defendants more peremptory challenges than permitted by C.R.C.P. 47(h), but adopted the rule that a verdict will not be set aside where the trial court grants peremptory challenges in excess of the number provided by statute or rule unless there is evidence of prejudice to the aggrieved party. The court of appeals also held that the trial court did not manifestly abuse its discretion in denying the plaintiffs' challenge for cause to a juror who stated that the plaintiffs faced an "uphill battle" in proving their case.

---

1. The record of the trial proceedings in this case is limited to the jury selection and the conference concerning instructions. The plaintiffs were granted leave to proceed in forma pauperis on appeal by the trial court. Since indigent persons are not entitled to a free transcript in civil cases and the trial lasted a full month, the plaintiffs were apparently unable to afford the cost of a full transcript of the trial.

2. The plaintiffs argued in the court of appeals that the trial judge should have disqualified himself because Kirkpatrick had performed minor surgery on the judge six years earlier. The plaintiffs claimed that the judge's decision to grant Kirkpatrick's motion for directed verdict was tainted and, therefore, Kirkpatrick should be reinstated as a party. Because we denied certiorari review of the judicial disqualification issue and the plaintiffs did not raise any other grounds for reinstating the claims against Kirkpatrick, we need not address the merits of the dismissal.

## II.

■ Trial by jury in a civil case is not a constitutional right. The right to a jury trial in a civil action or proceeding is governed by C.R.C.P. 38 promulgated by this court pursuant to our constitutional rule-making power embodied in article VI, section 21 of the Colorado Constitution. *Setchell v. Dellacroce,* 169 Colo. 212, 454 P.2d 804 (1969). *See also* § 13–2–108, 6 C.R.S. (1984 Supp.). Nevertheless, it is axiomatic that all litigants who are entitled to a jury trial in a proceeding, whether civil or criminal, are entitled to fair and impartial jurors. *See Safeway Stores, Inc. v. Langdon,* 187 Colo. 425, 532 P.2d 337 (1975). The allowance of challenges has always been deemed essential to the fairness of trial by jury. *United States v. Nell,* 526 F.2d 1223 (5th Cir.1976). *See also Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); *Denver City Tramway Co. v. Carson,* 21 Colo.App. 604, 123 P. 680 (1912) (challenges for cause); *Butler v. Hands,* 43 Colo. 541, 95 P. 920 (1908) (peremptory challenges).

■ Similarly, there is no constitutional right to peremptory challenges. Moreover, a peremptory challenge did not exist at common law,[3] and the right, where it exists, is by virtue of a statute or rule. *Butler v. Hands,* 43 Colo. 541, 95 P. 920 (1908). We have granted the right to peremptory challenges by rule of civil procedure, specifically C.R.C.P. 47(h).

In practice, the exercise of a peremptory challenge varies substantially from the court-controlled challenges for cause. "While challenges for cause permit rejection of jurors on a narrowly specified, provable and legally cognizable basis of partiality, the peremptory permits rejection for a real or imagined partiality that is less easily designated or demonstrable." *Swain,* 380 U.S. at 220, 85 S.Ct. at 836. In *United States v. Marchant,* 25 U.S. (12 Wheat.) 480, 481, 6 L.Ed. 700 (1827), Justice Story observed:

The right of peremptory challenge is not, of itself, a right to select, but a right to reject jurors. It excludes from the panel those whom the prisoner objects to, until he has exhausted his challenges, and leaves the residue to be drawn for his trial, according to the established order or usage of the court. The elementary writers nowhere assert a right of this nature in the prisoner, but uniformly put the allowance of peremptory challenges upon distinct grounds. Mr. Justice Blackstone, ... puts it upon the ground, that the party may not be tried by persons against whom he has conceived a prejudice, or who, if he has unsuccessfully challenged them for cause, may, on that account, conceive a prejudice against the prisoner. The right, therefore, of challenge, does not necessarily draw after it the right of selection, but merely of exclusion. It enables the prisoner to say who shall not try him; but not to say who shall be the particular jurors to try him.

Thus, the right to exercise peremptory challenges created by our rule is a valuable right and an effective means of securing a more impartial and better qualified jury. *Butler,* 43 Colo. at 544, 95 P. at 921; *People v. Hollis,* 670 P.2d 441, 442 (Colo.App. 1983).

### III.

#### A.

We turn first to the issue of the number of peremptory challenges granted to the defendants. C.R.C.P. 47(h) provides:

*Peremptory Challenges.* Each side shall be entitled to four peremptory challenges, and if there is more than one party to a side they must join in such challenges. Additional peremptory challenges in such number as the court may see fit may be allowed to parties appearing in the action either under Rule 14 or Rule 24 (C.R.C.P.) if the trial court in its

---

**3.** For an historical discussion of the development of peremptory challenges, see *Stevens v.* *Union R. Co.,* 26 R.I. 90, 58 A. 492 (1904).

discretion determines that the ends of justice so require.

Prior to the *voir dire* examination, the trial court ruled that the plaintiffs would have four peremptory challenges and that the three defendants were entitled to two challenges each, for a total of six on the defense side of the case. In addition, the plaintiffs and the defendants were allowed to designate one juror per side as an alternate with the plaintiffs selecting the first alternate. The order of exercising the peremptory challenges was as follows: plaintiffs' first, defendant/DaFoe's first, defendant/McCurdy's first, defendant/Kirkpatrick's first, plaintiffs' second, defendant/DaFoe's second, defendant/McCurdy's second, defendant/Kirkpatrick's second, plaintiffs' third, and plaintiffs' fourth.

■ There can be little doubt that the procedure employed by the trial court violated the method of selecting jurors contemplated by C.R.C.P. 47. The allocation of peremptory challenges is prescribed by C.R.C.P. 47(h) and does not depend on the exercise of judicial discretion. *Compare* Crim.P. 24(d)(3) ("For good cause shown, the court at any time may add peremptory challenges to either or both sides.").

Some jurisdictions are governed by rules or statutes which grant the trial court the discretion in civil cases to grant multiple parties more than the specified number of peremptory challenges when the court determines that the parties' interests are adverse. *See, e.g., Massoni v. State Highway Commission*, 214 Kan. 844, 522 P.2d 973 (1974), *overruled on other grounds*, *Lollis v. Superior Sales Company, Inc.*, 224 Kan. 251, 580 P.2d 423 (1978); *Kudrna v. Comet Corp.*, 175 Mont. 29, 572 P.2d 183 (1977). *See generally* Annot., 32 A.L.R.3d 747, § 4 (1970). C.R.C.P. 47(h), however, contains only two exceptions: actions under C.R.C.P. 14 (third party practice), and C.R.C.P. 24 (intervention), circumstances which do not exist here.

■ We are not inclined to sanction arbitrary deviations from C.R.C.P. 47(h) by tri-

al courts. *Cf. People v. Boulies*, 690 P.2d 1253 (Colo.1984) (Crim.P. 24); *Beckord v. District Court*, 698 P.2d 1323 (Colo.1985) (C.R.C.P. 42.1). Our rule expressly requires a collective total of four peremptory challenges per side, irrespective of the number of parties comprising either the party-plaintiff or the party-defendant. Thus, the rule in Colorado is that multiple litigants, designated as co-plaintiffs or co-defendants, are together entitled to only one set of peremptory challenges, regardless of whether their interests are essentially common or generally antagonistic. C.R.C.P. 47(h) provides that when there are several parties on a side, all must join in making a challenge. *See generally* Annot., 32 A.L.R.3d 747, § 9 (1970) (cases collected which require multiple parties to join in challenges). The issue thus presented is whether the erroneous procedure followed by the trial court constitutes reversible error.

## B.

■ Whether an improper allocation of peremptory challenges in civil cases must be accompanied by a showing of actual prejudice in order to secure the reversal of a judgment and a new trial is a question on which there is a division of opinion in the various state appellate decisions. *See* Annot., 95 A.L.R.2d 957 (1970). The defendants urge us to affirm the court of appeals' holding that reversal is not required unless the party attacking the verdict establishes prejudice resulting from the excess number of peremptory challenges granted to the opponent. We decline to do so, and hold that it is reversible error if the trial court grants peremptory challenges in excess of the number prescribed in C.R.C.P. 47(h). When the error is preserved on the record, a new trial is required.

Several considerations persuade us to adopt the reversible error rule. As discussed in section III.A., the allocation of peremptory challenges is dictated by C.R.C.P. 47(h) and does not depend on the exercise of judicial discretion. *See Moran v. Jones*, 75 Ariz. 175, 253 P.2d 891 (1953);

*Morris v. Cartwright,* 57 N.M. 328, 258 P.2d 719 (1953), *questioned on other grounds, Trujillo v. Chavez,* 93 N.M. 626, 603 P.2d 736 (1979). Therefore, imposing the burden of proof on the party adversely affected to establish actual prejudice would nullify the requirements of the rule governing the allocation of peremptory challenges. "To show actual prejudice, the complaining litigant would be required to discover the unknowable and to reconstruct what might have been and never was, a jury properly constituted after running the gauntlet of challenge[s] performed in accordance with the prescribed rule of the game." *Kentucky Farm Bureau Mutual Insurance Co. v. Cook,* 590 S.W.2d 875, 877 (Ky.1979).

■ In addition, it is the policy of the law to look with disfavor on any attempt to invade the jury's internal processes of decision making in order to obtain evidence necessary to impeach verdicts, except in relatively rare cases. *See* CRE 606(b). Finally, the side with the greater number of peremptory challenges clearly has a tactical advantage because it will have the power to select a jury presumably balanced in its favor by challenging a greater number of jurors. *See Sheffield v. Lewis,* 246 Ga. 19, 268 S.E.2d 615 (1980).

Although we recognize that a number of courts have elected to adopt the rule that when excess peremptory challenges are granted prejudice must be established by the party adversely affected, we are not persuaded by their analysis. *See Bailey v. Deverick,* 142 So.2d 775 (Fla.App.1962); *Wilson v. Ceretti,* 210 N.W.2d 643 (Iowa 1973); *Fick v. Wolfinger,* 293 Minn. 483, 198 N.W.2d 146 (1972); *Leary v. Kelly Pipe Co.,* 169 Mont. 511, 549 P.2d 813 (1976), *modified by Lauman v. Lee,* 626 P.2d 830 (Mont.1981). *See also Lorusso v.*

*Members Mutual Insurance Co.,* 603 S.W.2d 818 (Tex.1980) (aggrieved party must establish that the trial court's ruling resulted in a materially unjust trial).[4]

Our adoption of the reversible error rule in civil cases is consistent with this court's decision in *Bustamante v. People,* 133 Colo. 497, 500, 297 P.2d 538, 540 (1956), where we held that the trial court erred in granting the prosecution's challenge for cause because the result of the ruling gave the prosecution an additional peremptory challenge which "affected or could have affected the substantial rights of the defendant." *See also People v. Boulies,* 690 P.2d 1253 (Colo.1984).

### C.

The defendants contend that the plaintiffs waived the error for two reasons. First, counsel for the plaintiffs did not specifically state that his objection to the procedure adopted by the trial court was based on C.R.C.P. 47(h). Second, the plaintiffs' lawyer made suggestions to the trial court as to the manner in which the peremptory challenges and seating of alternate jurors was to be exercised. We reject both arguments.

■ Objections to trial court rulings must be made contemporaneously with the court's actions before appellate review is afforded. *City & County of Denver v. Hinsey,* 177 Colo. 178, 493 P.2d 348 (1972). *See also Righi v. People,* 145 Colo. 457, 359 P.2d 656 (1961) (defendant's failure to object to trial court's ruling allowing an additional peremptory challenge to both sides constitutes a waiver of his right to demand that the prosecution be limited to the statutorily required number of challenges). In addition, to adequately preserve the issue on appeal, the ground(s) upon which the objection is made must be reasonably ap-

---

**4.** In *Wilson,* the court stated that allowance of excessive peremptory challenges constitutes error. However, the error constitutes reversible error only if the offended side shows to the satisfaction of the court "(1) actual prejudice, or (2) a clear and convincing probability of resultant prejudice." *Wilson,* 210 N.W.2d at 646. It is difficult to reconcile the adoption of this rule

with that court's observation: "It is to us apparent, however, that whether either side in a case is allowed one or more excessive peremptory challenges it would be manifestly unjust to compel the other side to prove actual prejudice resulting therefrom. It would usually impose an impossible burden on the complainant." *Id.*

parent to the trial court. *Blueflame Gas, Inc. v. Van Hoose,* 679 P.2d 579 (Colo. 1984); *Stock Yards National Bank of South Omaha, Nebraska v. Neugebauer,* 97 Colo. 246, 48 P.2d 813 (1935). A specific rather than a general objection serves to alert the trial court that an error may have been made and provides the judge with an opportunity to immediately correct any erroneous rulings. *Horlbeck v. Walther,* 133 Colo. 19, 291 P.2d 688 (1955). *See also Blueflame,* 679 P.2d 579.

The transcript of the proceedings during which the trial court granted the defendants' request for two additional peremptory challenges establishes that no record was made of the request. The transcript begins with the following statement by the court:

THE COURT: Let the record reflect we are in Chambers; that the defendants have asked for and the Court will order that the defendants have two extra challenges—peremptory challenges—and they will be taken in this order—and we will also have two alternates: The plaintiffs will take the first peremptory challenge, and the defendant DaFoe will take the next. The defendant McCurdy will take the next. The defendant Hall—

After a discussion between the court and defense counsel concerning the procedure to be followed, the record reflects the following colloquy between the court and the plaintiffs' attorney:

THE COURT: Fine. Any objection to that?

MR. DEIKMAN: Yes.

THE COURT: I think you ought to have some say as to who should be the alternates. Is that your problem?

MR. DEIKMAN: I have a lot of problems and I would like to state them now.

THE COURT: All right.

MR. DEIKMAN: Firstly, I object to the defendants' peremptory challenges outnumbering the plaintiffs'. I think that's unprecedented, and I think it is a seriously prejudicial thing for the plaintiffs....

■ It is clear that the plaintiffs timely objected to the number of peremptory challenges granted to the defendants. The plaintiffs' objection suffers from imprecision because it did not include a reference to C.R.C.P. 47(h). However, we conclude that the objection, with its specific reference to the disproportionate allocation of peremptory challenges, was sufficient to focus the trial court's attention on the propriety of its jury selection procedure. *See Blount v. Plovidba,* 567 F.2d 583 (3d Cir. 1977). Therefore we hold that the objection was adequately preserved.

■ We also conclude that the plaintiffs did not waive the objection when their attorney made suggestions, some of which were accepted by the court, with regard to the manner in which the peremptory challenges were to be exercised and the seating of alternate jurors. It would be anomalous to adopt a rule that penalizes a party whose counsel attempts to ameliorate the effect of an adverse ruling by suggesting or participating in a procedure which he or she believes will reduce the harmful impact of such a decision.

## IV.

The plaintiffs also contend that the trial court erred in denying their challenge for cause to a prospective juror. We are persuaded that the challenge for cause should have been granted and hold that the court's failure to do so constitutes reversible error.

■ C.R.C.P. 47(e)(7) provides that a juror who harbors enmity against or bias in favor of either party may be challenged for cause. Therefore, challenges for cause involve essentially a factual determination and are entrusted to the sound discretion of the trial court. *Kaltenbach v. Julesburg School District,* 43 Colo.App. 150, 603 P.2d 955 (1979); *People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976). Trial court rulings involving such challenges will not be disturbed absent an abuse of that discretion. *People v. Wright,* 672 P.2d 518 (Colo. 1983) (abuse of discretion); *Independence Coffee & Spice Co. v. Kalkman,* 61 Colo. 98, 156 P. 135 (1916) (abuse of discretion); *Leick v. People,* 136 Colo. 535, 322 P.2d

**324**

674, *cert. denied*, 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366 (1958) (clear abuse of discretion); *McCrary*, 190 Colo. 538, 549 P.2d 1320 (manifest abuse of discretion); *People v. Abbott*, 690 P.2d 1263 (Colo.1984) (gross abuse of discretion).

Notwithstanding this restrictive standard of appellate review, this court has held that an abuse of the trial court's discretion abridges a litigant's right to a fair and impartial jury and thus constitutes reversible error. *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977). The fact that the party whose challenge for cause was denied exercised a peremptory challenge to excuse the juror does not render the error harmless.[5] For example, in *Metallic Gold Mining Co. v. Watson*, 51 Colo. 278, 117 P. 609 (1911), a juror, who was employed as a miner like the plaintiff in that case, stated that he entertained a natural sympathy for the laboring man and would tend to side with the plaintiff unless there was clear evidence to overcome his predisposition. The defendant exercised a peremptory challenge to excuse the juror when the trial court failed to sustain its challenge for cause. We held that the trial court erred in denying the defendant's challenge for cause. *See also Safeway Stores, Inc. v. Langdon*, 187 Colo. 425, 532 P.2d 337 (1975) (prospective juror who stated that she was an employee of the defendant and was excused pursuant to a peremptory challenge should have been dismissed for cause; trial court's failure to sustain the plaintiff's challenge for cause was reversible error); *Grand Lodge of the Ancient Order of United Workmen v. Taylor*, 44 Colo. 373, 99 P. 570 (1909) (juror, an acquaintance of the insured whose children were the beneficiaries in a contested insurance policy, said that he might unconsciously favor the children and was excused pursuant to a peremptory challenge; the trial court erred in denying the defendant's challenge for cause).

In determining whether a prospective juror possesses a "state of mind ... evincing enmity against or bias to either party" within the meaning of C.R.C.P. 47(h), the trial court must consider the juror's statements during *voir dire* as a whole. *Kalkman*, 61 Colo. at 101, 156 P. at 136. "Facts which indicate a possibility of bias must be considered along with facts which indicate impartiality." *People v. Abbott*, 690 P.2d 1263, 1267 (Colo.1984). Moreover, while individual factors considered separately may not require that a challenge for cause be granted, the combination of factors may compel dismissal of the juror. *People v. Reddick*, 44 Colo.App. 278, 610 P.2d 1359 (1980). Among the factors to be considered are the parties' theory of the case and the nature of the evidence that the juror will be required to evaluate. *See Leick*, 136 Colo 535, 322 P.2d 674.

Under C.R.C.P. 47(e)(7), if there is sufficient reason to question whether the juror could act as an impartial fact finder, the trial court should grant a challenge for cause and dismiss the juror. *See Nailor v. People*, 200 Colo. 30, 32, 612 P.2d 79, 80 (1980); *Action Realty v. Brethouwer*, 633 P.2d 522 (Colo.App.1981). In applying the impartial fact finder test to juror disqualification, we have recognized that a juror's assurance of impartiality is only one criterion to be considered and then it must be weighed against the factors which inherently produce prejudice. *People v. Abbott*, 690 P.2d 1263 (Colo.1984); *Beeman v. People*, 193 Colo. 337, 565 P.2d 1340 (1977). Where there is a sufficient reason to believe that at the beginning of the trial the prospective juror is not indifferent, but favors one of the litigants over the other or may be unconsciously influenced by considerations in addition to the evidence presented at trial and the instructions of law, the juror must be dismissed for cause. *Beeman*, 193 Colo. at 339, 565 P.2d at 1342; *Taylor*, 44 Colo. at 374–75, 99 P. at 571.

---

5. Because of the procedure outlined in C.R.C.P. 47(g) which requires that each side in a civil case exercise all of its peremptory challenges in order to reduce the jury to the required number, it is irrelevant to our analysis that the plaintiff exhausted his peremptory challenges.

▮ The trial court in this case properly excused three prospective jurors who expressed negative feelings toward members of the medical profession. Mr. E. stated that four years earlier he had been hospitalized for seven months following a serious accident. Mr. E.'s doctor failed to diagnose the cause of sharp pain in his injured arm and tried to persuade him that his discomfort was caused by a psychological syndrome. Although another physician eventually diagnosed the physiological problem for which Mr. E. was undergoing treatment at the time of the trial, he testified that the treatment had been only minimally effective and that his experience had caused him to lose faith in the medical profession in general.

In contrast to Mr. E.'s personal experiences, Mr. G.'s encounters with medical doctors had generally been very positive. However, his wife had lost her front teeth as the result of dental work performed by an orthodontist three years earlier. At the time of trial, she was consulting another dentist because surgery was contemplated. Mr. T. was also excused for cause by the trial court. He stated that his wife had undergone a complete hysterectomy nine years earlier. He said that because of this experience and the fact that he and his wife could never have children of their own he would feel more sympathetic to the plaintiffs in this case.

Both Mr. T. and Mr. E. admitted that it would be very difficult, if not impossible, for them to separate their personal feelings from the evidence presented at trial. Mr. G., however, stated that he would try to put his own feelings aside, and consider only the evidence presented at trial.

The trial court properly granted the defendants' challenges for cause to these three jurors. Each exhibited a predisposition toward one side of the lawsuit. Their statements created sufficient doubt that they could act as impartial fact finders and therefore dismissal was necessary.

In contrast, however, the trial court failed to grant the plaintiff's challenge for cause to Mrs. D., who testified that she had worked as a claims adjuster for an insurance company for 22 years. She had reviewed insurance reports written by one of the defendants and several of the physicians who were listed as potential expert witnesses. She volunteered that after having read many medical reports she felt that "doctors do the very best of their ability to diagnose cases and treat." She also stated: "[I]n the course of my employment, we see a lot of people try to get something for nothing. And they feel there is insurance involved, the insurance company has a lot of money and they can pay." She responded that she "fairly and honestly" felt the plaintiffs would have an "uphill battle" of proving a case of malpractice.

▮ The trial court abused its discretion in failing to grant the plaintiffs' challenge for cause to Mrs. D. Despite her assurances that she could be fair and impartial, Mrs. D.'s employment experience quite clearly left her with the impression that doctors should be highly esteemed and medical malpractice plaintiffs warily scrutinized. In a medical malpractice case premised, in part, on the physicians' alleged failure to inform the plaintiff of certain risks when he obtained her consent to a medical procedure, Mrs. D.'s expressed predisposition suggests that at least a possibility of bias would have influenced her deliberations. Her responses indicate that she may not have approached the evidence with the requisite neutrality that is crucial to impartial fact-finding.

▮ Moreover, the trial court's error in failing to dismiss Mrs. D. required the plaintiffs to exercise one of their peremptory challenges to excuse her from the jury. As discussed in section II. of this opinion, the right to exercise peremptory challenges is a substantial right and was not intended as a remedy for trial court errors. *See Harris v. People*, 113 Colo. 511, 520, 160 P.2d 372, 377 (1945) ("All authorities uphold the absolute right of a party to the use of all peremptory challenges granted him by the statute and hold that any frustration thereof, whether by erroneous ruling, false information, or concealment, con-

stitutes reversible error, because the jury so forced upon the litigant is not a statutory tribunal.").

The trial court's ruling on the challenge for cause to Mrs. D. aggravated its earlier error in granting the defendants six peremptory challenges. In effect, the plaintiffs exercised only three peremptory challenges as compared to the defendants' six. Therefore, we hold that the trial court abused its discretion in failing to excuse Mrs. D. as a juror pursuant to C.R.C.P. 47(e)(7), and abridged the plaintiffs' right under C.R.C.P. 47(h) to a full complement of peremptory challenges.

Accordingly, we reverse the judgment of the court of appeals and direct that this case be remanded to the district court for a new trial.