KOUSTAS REALTY, INC., a Colorado corporation, Plaintiff-Appellant,

v.

REGENCY SQUARE PARTNERSHIP, a Colorado partnership, William M. Lewallen, Jr., Walter L. Bassett, Jack P. Sakdol, Defendants-Appellees.

No. 83CA0813.

Colorado Court of Appeals, Div. III.

May 8, 1986.

Rehearing Denied June 12, 1986.

Certiorari Denied (Regency Square) Aug. 25, 1986.

James M. Croshal, Pueblo, for plaintiff-appellant.

Kettelkamp Vento & Brown, P.C., Kirk P. Brown, Pueblo, for defendants-appellees.

METZGER, Judge.

Plaintiff, Koustas Realty, Inc. (Koustas), appeals the judgment entered on the jury verdict in this complex multi-party action, contending that the trial court committed reversible error in allowing two extra peremptory challenges to James H. Butcher. We reverse.

Koustas, a licensed real estate broker, commenced this action in 1977, claiming that it was entitled to a $100,000 commission on a commercial leasing transaction in which Regency Square Partnership (Regency) had been the lessor. In its first claim, it sought to recover from Pipeyard Partnership, Regency's predecessor in interest, and Pipeyard's individual partners, James H. Butcher, William M. Lewallen, Jr., and Walter L. Bassett, based on an alleged breach of certain listing agreements it had entered with Pipeyard. In a second claim it sought recovery on a quantum meruit theory against Regency and Regency's individual partners, Lewallen, Bassett, and Jack P. Sakdol. A third claim was asserted against the lessee, based on an alleged oral guarantee.

In 1978, the trial court entered summary judgment in favor of Butcher and, in 1980, in favor of Pipeyard, Lewallen, and Bassett on the first claim. The summary judgment in favor of Butcher was not appealed, but Koustas appealed the 1980 judgment to this court and, in 1981, it was reversed in *Koustas Realty Inc. v. Pipeyard Partnership*, (Colo. App. No. 80CA0514, February 5, 1981) (not selected for official publication). Those defendants unsuccessfully petitioned for certiorari.

In April 1981, while certiorari was pending and at a time when Butcher had been dismissed as a party, Pipeyard, Regency, Lewallen, Bassett, and Sakdol filed a "third-party complaint," asking for judgment against Butcher in the event judgment should enter against them on the first claim. Butcher filed a timely answer to this complaint.

In September 1981, on Koustas' motion, the trial court set aside its 1978 summary judgment in favor of Butcher. Butcher then filed his answer to Koustas' complaint and cross-claimed against the other defendants (except the lessee).

On the first day of trial in April 1983, Butcher, claiming to be a third-party defendant, requested that he be granted four additional peremptory challenges. Arguing that to allow the additional challenges would be unfair, Koustas objected on the grounds (1) that any complaint filed by Pipeyard, Lewallen, and Basset against Butcher had become, by the reinstatement of Koustas' first claim against Butcher, a cross-claim and not a third-party complaint, and (2) that, as against Koustas, all parties were taking an identical position.

The trial court granted Butcher two additional peremptory challenges as a third-party defendant pursuant to C.R.C.P. 14 (third-party practice) and C.R.C.P. 47(h) (peremptory challenges). C.R.C.P. 47(h) provides:

> "Each side shall be entitled to four peremptory challenges, and if there is more than one party to a side they must join in such challenges. Additional peremptory challenges in such number as the court may see fit may be allowed to parties appearing in the action ... under Rule 14 ... if the trial court in its discretion determines that the ends of justice so require."

The court offered Koustas one additional peremptory challenge, but the offer was refused.

Thereafter, holding that the listing agreements provided for a sale and not a lease, and that the guarantee, if any, was in violation of the statute of frauds, the

trial court, at the close of plaintiff's case, directed a verdict against Koustas on the first claim concerning the liability of Pipe-yard Partnership and its partners, including Butcher, and on the third claim concerning the lessee. The second claim was submitted to the jury, and it returned a verdict for defendants Regency and its partners. Judgments were entered accordingly.

Koustas appeals only the judgment on the second claim, asserting that the trial court erred in granting Butcher two additional peremptory challenges during jury selection. We agree.

 The allocation of peremptory challenges is prescribed by C.R.C.P. 47(h) and does not depend on the exercise of judicial discretion. *Blades v. DaFoe*, 704 P.2d 317 (Colo.1985). It is reversible error if a trial court grants peremptory challenges in excess of the number allowed under C.R.C.P. 47(h), even if no prejudice results. *Blades v. DaFoe, supra.* Multiple litigants designated as co-defendants or co-plaintiffs are entitled to only one set of peremptory challenges. *Blades v. DaFoe, supra.*

 Defendants' "third-party complaint," seeking relief from Butcher, was the basis for the trial court's grant of two additional peremptory challenges to Butcher pursuant to C.R.C.P. 47(h). However, the prior pleadings and orders make it clear that the third-party complaint was, in actuality, a cross-claim. *See* C.R.C.P. 13(g) and 14(a). Moreover, the trial court noted, when it granted the additional peremptory challenges, that the other defendants and Butcher were taking an identical position vis-a-vis Koustas, and were likely to collaborate in the use of the peremptory challenges.

Accordingly, since Butcher was a co-defendant, we conclude that he was not entitled to any additional peremptory challenges.

Defendants, however, contend that any error in permitting Butcher extra peremptory challenges does not mandate reversal here because, at the conclusion of plaintiff's case, the trial court granted a directed verdict in favor of the defendants, including Butcher, on the first claim. We reject that contention.

The right to exercise peremptory challenges created by C.R.C.P. 47(h) is a valuable right, and when properly invoked, it represents an effective means of securing a more impartial and better qualified jury. *Butler v. Hands*, 43 Colo. 541, 95 P. 920 (1908). But, if one side is accorded a disproportionate number of peremptory challenges it will enjoy a tactical advantage because it will have the power to select a jury presumably balanced in its favor by challenging a greater number of jurors. *Blades v. DaFoe, supra.* *See Sheffield v. Lewis*, 246 Ga. 19, 268 S.E.2d 615 (1980).

 Hence, the grant of the two additional peremptory challenges to Butcher tainted the jury from its inception. His dismissal as a defendant at mid-trial did not cure that defect in the proceedings as to Koustas.

We have reviewed Koustas' other contentions in light of the record and conclude that they are without merit.

The judgment is reversed and the cause is remanded for a new trial.

KELLY, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting.

This case hinges on whether Butcher was a third-party defendant at trial and, therefore, under the second sentence of C.R.C.P. 47(h), entitled to extra challenges, or whether he was a party to the suit on the defense side and, therefore, under the first sentence of C.R.C.P. 47(h) and *Blades v. DaFoe*, 704 P.2d 317 (Colo.1985), not entitled to additional challenges. Here, he was both.

The parties and the court treated Butcher as dismissed from the action after the entry of the 1978 summary judgment. Butcher was first brought back into the suit via the other defendants' third-party complaint and Butcher's answer. Later, on

Koustas' motion and court action thereon, he was reinstated as a party defendant in the first claim. However, the third-party action was still pending at the commencement of trial, and was not terminated until Butcher was dismissed from the case on directed verdict several days later. During these proceedings, Butcher had his own attorneys; the partnerships and their partners were represented by a different firm.

Under the circumstances of this case, where the two sentences in C.R.C.P. 47(h) are in conflict and point to different results, I view the decision whether to allow additional peremptory challenges as being within the sound discretion of the trial court. Since there was no showing of prejudice to Koustas in allowing the additional challenges, and in view of Koustas' refusal of the offer of another challenge, I see no abuse of discretion here. I would affirm the judgment.