Richard **FAUCETT**, Plaintiff–Appellant,

v.

Richard G. **HAMILL**, Defendant–Appellee.

No. 90CA0285.

Colorado Court of Appeals,
Div. II.

April 25, 1991.

Rehearing Denied May 23, 1991.

Certiorari Denied Sept. 9, 1991.

Leventhal & Bogue, P.C., Jeffrey A. Bogue, and Haddon, Morgan & Foreman, P.C., Norman R. Mueller, Denver, for plaintiff-appellant.

Cooper & Kelley, P.C., Paul D. Cooper, Ann M. Thompson, Denver, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Richard Faucett, appeals from a judgment entered on a jury verdict in favor of defendant, Richard G. Hamill, and contends that the trial court committed reversible error in a ruling which effectively granted an extra peremptory challenge to the defense. We agree and, therefore, reverse and remand for a new trial.

In April 1987, Faucett filed a medical malpractice action against defendant in which he sought to recover compensatory damages based upon the allegedly negligent care of Faucett's fractured wrist. A jury trial resulted in a verdict and judgment for defendant.

I.

■ Faucett predicates his first contention of error on the trial court's having granted defendant's challenge of a prospective juror for cause because the juror was an attorney. We agree that the trial court's ruling constitutes reversible error.

Jury selection in a civil action is governed by C.R.C.P. 47, which sets forth specific grounds upon which a prospective juror may be challenged for cause. The fact that a panel member is an attorney is not among the grounds so listed.

Sustaining a challenge of a prospective juror for cause on grounds other than those provided by C.R.C.P. 47 has the effect of giving the challenging party an additional peremptory challenge which affects or could affect the substantial rights of the other party. *See Blades v. DaFoe*, 704 P.2d 317 (Colo.1985). "[A]llowing one side a disproportionate number of additional challenges ... permits [that party] to unfairly tip the balance in its favor.... Such a manipulation of the scales of justice is sufficient to warrant a finding of prejudice as a matter of law." *Fieger v. East National Bank*, 710 P.2d 1134 (Colo.App. 1985). *Also see Bustamante v. People*, 133 Colo. 497, 297 P.2d 538 (1956).

Thus, by permitting defendant to challenge for cause the prospective juror only on the basis that he was an attorney, the trial court here, in effect, granted the defendant an additional peremptory challenge and committed reversible error. *See Blades v. DaFoe, supra; Koustas Realty,*

*Inc. v. Regency Square Partnership,* 724 P.2d 97 (Colo.App.1986).

## II.

■ Defendant, however, contends that civil litigants, such as he, are denied equal protection of the law when precluded from challenging for cause prospective jurors who are lawyers. He asserts that, because § 16–10–103(1)(k), C.R.S. (1986 Repl.Vol. 8A) and Crim.P. 24(b)(1)(XI) require the court to sustain a challenge for cause on the basis that a prospective juror in a criminal trial is a lawyer, while C.R.C.P. 47(e) does not impose the same requirement in civil trials, an unconstitutional distinction is drawn between parties to a criminal case and those to a civil lawsuit. We disagree.

■ The United States and Colorado constitutions, under their respective equal protection guarantees, require like treatment of those who are similarly situated. Thus, a predicate to the determination of whether persons are subjected to disparate treatment by governmental action must be the analysis of whether such persons are, indeed, similarly situated. *Bath v. Colorado Department of Revenue,* 758 P.2d 1381 (Colo.1988).

We hold that, as to the issue of challenges for cause, parties to criminal and civil lawsuits are not similarly situated and, therefore, conclude that defendant's equal protection challenge must fail.

■ Unlike criminal cases, there is no constitutional right to a jury trial in civil actions under the Colorado constitution. *Firelock, Inc. v. District Court,* 776 P.2d 1090 (Colo.1989). And, the guarantee of a civil jury trial contained in the Seventh Amendment does not apply to the states. *Edwards v. Elliott,* 88 U.S. (21 Wall) 532, 22 L.Ed. 487 (1874).

■ Under Colo. Const. art. II, § 23, jury trials in civil cases are provided for "as may be prescribed by law." The right to a trial by jury in a civil case, and the scope thereof, are set forth in C.R.C.P. 38.

Jury trials are allowed only in those actions the character of which is legal. Equitable actions may not be tried to a jury. *Miller v. Carnation Co.,* 33 Colo.App. 62, 516 P.2d 661 (1973).

Furthermore, while trials to a jury are a matter of right in criminal cases, civil litigants must timely demand, and advance a statutory fee in order to obtain, a jury trial in those cases in which the right to a jury exists, and a failure to make a timely demand or to pay the fee constitutes a waiver of the right to a jury. C.R.C.P. 38(b) and (d). Also, the juries in criminal felony and civil cases are of different sizes. *See* Crim.P. 23(a)(1); C.R.C.P. 48.

Additionally, differences in the numbers of alternate jurors and peremptory challenges, and in the types of challenges for cause, not raised here, signal the different sources from which the right to a jury trial spring in criminal and civil trials, respectively, the different circumstances attendant to each, and the recognition that parties involved in each are not similarly situated. *Compare* Crim.P. 24(b), (d)(2), and (e); and § 16–10–103(1)(k), C.R.S. (1986 Repl.Vol. 8B) *with* C.R.C.P. 47(b), (e), and (h); and C.R.C.P. 48. *See also Brinklow v. Riveland,* 773 P.2d 517 (Colo.1989); *Binkley v. People,* 716 P.2d 1111 (Colo.1986).

Thus, because prospective jurors in criminal and civil lawsuits are not similarly situated, civil litigants are not denied equal protection of the laws by operation of C.R.C.P. 47(e).

The judgment is reversed, and the cause is remanded for a new trial.

RULAND and HODGES *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).