## No. 25218

Colorado Chiropractic Association, a Colorado corporation v. Herman G. Heuser, D.C.; S. M. Morrison, Ph.D; William M. M. Robinson, M.D.; Esther B. Starks, D.O.; William P. Trewartha, D.S.C.; A. M. Winchester, Ph.D.; serving as the State Board of Examiners in the Basic Sciences, a state board of the State of Colorado appointed by the Governor of the State, and State Board of Examiners in the Basic Sciences, as a body under 1963 C.R.S. 91-5-4

(494 P.2d 833)

Decided March 13, 1972.

Charles Ginsberg, for plaintiff-appellee.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, William Tucker, Assistant, Clifton A. Flowers, Assistant, for defendants-appellants.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The Colorado Chiropractic Association obtained a declaratory judgment in the district court which held 1969 Perm. Supp., C.R.S. 1963, 91-5-9(5) to be unconstitutional. The trial court declared the statute unconstitutional on the grounds that it constitutes an arbitrary discimination against the chiropractic profession and violates the equal protection clauses of both the Colorado and United States Constitutions. U.S. Const. amend. XIV (Fourteenth Amendment); Colo. Const. art. II, § 6.

The decision of the district court was predicated on a stipulation of facts which was entered into before the trial was commenced. The stipulation, in pertinent part, provided: "A. Section 91-5-9, C.R.S. 1963, was amended by House Bill 1132, Chapter 237, Session Laws of Colorado 1969, to include a new subsection (5) which reads as follows:

" '*When examination may be waived.* — (5) That the applicant has successfully passed the examination in the basic sciences given by the national board of medical examiners, or the national board of examiners for osteopathic physicians and surgeons, or the national board of podiatry examiners, whichever is applicable.'

"B. The above subsection (5) became effective on July 1, 1969.

"C. Prior to the enactment of House Bill 1132, physicians, surgeons, osteopaths, *chiropractors,* and podiatrists were required to pass a basic science examination in the State of Colorado prior to being admitted to practice their profession in the state unless they were granted the right to waive the examination on a reciprocity basis.

"D. House Bill 1132 provides that the physicians, surgeons, osteopaths and podiatrists may pass an examination in the basic sciences administered by their respective national boards in lieu of the basic sciences examination administered by the State of Colorado.

"E. The chiropractic profession does have a National Board of Chiropractic Examiners. . . ."

No evidence was taken after the stipulation was entered into, and the parties submitted the issues on briefs.

▌▌▌ Two basic principles of law dictate that we reverse the trial court and dismiss the declaratory judgment action. First, the Colorado Chiropractic Association does not have standing to bring this suit; and second, the statutory provision in issue has not been shown to be unconstitutional beyond a reasonable doubt.

▉▉ For the Colorado Chiropractic Association to have standing to challenge 1969 Perm. Supp., C.R.S. 1963, 91-5-9(5), it must show that it is an aggrieved party or that it is a party whose interest the statute was designed to protect. *See* Jaffe, *Standing Again,* 84 Harv. L. Rev. 633 (1970-71); Davis, *The Liberalized Law of Standing,* 37 U. Chi. L. Rev. 450 (1969-70); Davis, *Standing: Taxpayers and Others,* 35 U. Chi. L. Rev. 601 (1967-68); and the cases cited therein. Since the Colorado Chiropractic Association is comprised solely of persons that have qualified to practice chiropractic in Colorado, neither the Association nor its members may be characterized as an aggrieved party. On the basis of the "safety clause," which specifically provides that the "act is necessary for the immediate preservation of the public peace, health, and safety," it is, likewise, evident that the Colorado Chiropractic Association is not a party whose interest the statute was designed to protect.

▉▉ Furthermore, the Association cannot claim standing based simply on "injury in fact," because no injury has occurred. *See Association of Data Processing Services Organizations v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Nor is this case clothed with a public interest which mandates that review of the legal question be undertaken as a matter of court discretion.

▉▉ Even though this case need not be decided on the merits of the legal issues which are raised, it is clear that the limited facts stipulated to in the trial court are insufficient to overcome the presumption of constitutionality of 1969 Perm. Supp., C.R.S. 1963, 91-5-9(5). No evidence was presented to the trial court to establish that the National Chiropractic Examination was equivalent to the basic science examination administered by the Colorado State Board of

Examiners in the Basic Sciences. The Colorado Chiropractic Association also failed to present any evidence to show that the National Chiropractic Examination was equivalent to the examination conducted by the national boards of medical, osteopathic, and podiatry examiners. Under such circumstances, the constitutionality of the statute must be upheld. *See Louisiana State Board of Medical Examiners v. Fife,* 162 La. 681, 111 So. 58 (1927); *accord, England v. Louisiana State Board of Medical Examiners,* 246 F.Supp. 993 (1965), *aff'd. without opinion,* 384 U.S. 885, 86 S.Ct. 1924, 16 L.Ed.2d 998, *reh. den.,* 385 U.S. 890, 87 S.Ct. 15, 17 L.Ed.2d 123 (1966). *See also, Carpenter v. State,* 106 Neb. 742, 184 N.W. 941 (1921); *Shaw v. State,* 11 Ohio App. 486 (1919); *People v. Cole,* 219 N.Y. 98, 113 N.E. 790 (1916); and *People v. Jordan,* 172 Cal. 391, 156 P. 451 (1916).

Judgment reversed.

MR. JUSTICE DAY and MR. JUSTICE GROVES specially concurring.

MR. JUSTICE DAY and MR. JUSTICE GROVES specially concurring:

We concur in the portion of the opinion relating to constitutionality. We are not completely convinced that Colorado Chiropractic Association lacks standing.