**No. 26608**

**American Metal Climax, Inc., and State Compensation Insurance Fund v. Claimant in the Matter of the Death of George Butler, David George Butler, a minor child, and Corliss Ann Butler, his next friend**

(532 P.2d 951)

Decided March 17, 1975.

Francis L. Bury, Robert S. Ferguson, Gerald A. Lane, for appellants.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

This is an appeal from an award entered by the Industrial Commission of Colorado (the Commission) under the Workmen's Compensation Act. 8-40-101, C.R.S. 1973, *et seq*. The

appeal was initially filed in the Court of Appeals pursuant to 8-53-108, C.R.S. 1973. However, since the appellants have questioned the constitutionality of a statute, the Court of Appeals referred the action to this court for a determination of jurisdiction. 13-4-110, C.R.S. 1973. We accepted jurisdiction and now affirm the Commission. American Metal Climax, Inc. (Climax) and the State Compensation Insurance Fund (the Fund) are the appellants herein. David George Butler, a minor, Corliss Ann Butler, his next friend, and the Commission are the appellees.

George David Butler was killed on July 24, 1973, while employed at a molybdenum mine, owned and operated by Climax. The decedent was survived by his four-year-old son, David George Butler (the claimant), who resided in the custody of his natural mother, Corliss Ann Butler. She was not a dependent of the decedent having been divorced from the decedent for approximately one year prior to his death.

On September 7, 1973, the claimant filed a timely notice and claim for compensation with the Colorado Division of Labor. The Fund recognized the dependency and eligibility of the claimant and admitted a total liability of $26,292. This amount reflected the sum of the maximum weekly wage benefits provided for under 8-50-103, C.R.S. 1973.[1] The claim was reviewed by a referee of the Division of Labor who entered an order which included, in addition to the maximum average wage benefits, an accelerated amount of $5 per week. The effect of this order was to augment the Fund's admitted liability by a total of $1,565. On review, the referee's order was approved and adopted by the Commission.

The referee's award was based on 8-50-103, C.R.S. 1973, which provides that:

"In case of death, the dependents of the deceased entitled thereto shall receive as compensation or death benefits sixty-six and two-thirds per cent of the deceased employee's average weekly wages, not to exceed a maximum of eighty-four dollars per week for accidents occurring on or after July 1, 1973, and prior to July

---

[1]Colo. Sess. Laws 1973, Ch. 271, 81-11-3 at 944, approved June 25, 1973, effective July 1, 1973.

1, 1974 . . . for a period not to exceed six years from the date of the death of the injured employee . . . . *If any of the dependents are wholly dependent children, as defined in section 81-11-1 [8-50-101], the compensation or death benefits provided in this section shall be increased by five dollars per week for each such child.*'' (Emphasis added.)

The appellants' challenge to the referee's award is two-fold. It is first contended that the award is contrary to the legislative intent of section 8-50-103, C.R.S. 1973. The appellants argue that this statute's legislative history and its place within the over-all statutory scheme, compel an interpretation which would permit an additional $5 per month to be awarded to a dependent child only when another dependent is also drawing upon the base benefits. In other words, it is the appellants' assertion that a wholly dependent child, who is the decedent's sole surviving dependent, is not entitled to the accelerated amount authorized by the final sentence of section 8-50-103, C.R.S. 1973. With this we cannot agree.

Whenever the meaning and import of a statutory provision is plain and free from ambiguity and no absurdity is involved, the language is not subject to construction. *Lassner v. Civil Service Commission,* 177 Colo. 257, 493 P.2d 1087 (1972); *Andrews v. Lull,* 139 Colo. 536, 341 P.2d 475 (1959). *Goldy v. Crane,* 167 Colo. 44, 445 P.2d 212 (1968); *Montrose v. Niles,* 124 Colo. 535, 238 P.2d 875 (1951). When given an unstrained reading, the final sentence of 8-50-103, C.R.S. 1973, is express in its direction that an additional $5 per week be paid to any of a decedent's dependents who are wholly dependent children. The referee and Commission interpreted the provision so as to carry out and give effect to the plain terms of the statute. With this we are in accord.

The appellants contest the constitutionality of 8-50-104, C.R.S. 1973, as being violative of the equal protection clause of the 14th Amendment. It is argued that the statute favors a classification of single dependents by extending an accelerated amount of benefits to such a group, while denying the same amount to members of other groups, such as sole surviving widows.

The appellants are without standing to raise this issue. Such challenges may only be leveled by members of the group whose rights are impaired by the contested legislation. *Erie Railroad Co. v. New York,* 233 U.S. 671, 34 S.Ct. 756, 58 L.Ed. 1149 (1914); *Colorado Chiropractic Association v. Heuser,* 177 Colo. 434, 494 P.2d 833 (1972); *District 50 Metropolitan Recreation District v. Furbush,* 166 Colo. 63, 441 P.2d 645 (1968).

Award affirmed.

MR. JUSTICE GROVES does not participate.