STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner-Appellant,

v.

COPPER MOUNTAIN, INC., a Delaware corporation, Copper Mountain Water and Sanitation District, Eugene H. Sanders, United Bank of Denver National Association, Western Slope Gas Company, Barbara J. Brennan, Walter E. Brennan, Public Service Company of Colorado, Earl Beeler, Marjorie C. Beeler, and Linda M. Rhea, as Treasurer and Public Trustee of Summit County, Respondents-Appellees.

No. 79CA0282.

Colorado Court of Appeals, Div. II.

Feb. 19, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Thomas W. Gibb, Sp. Asst. Attys. Gen., Denver, for petitioner-appellant.

Holme Roberts & Owen, Donald C. McKinlay, Paul A. Jacobs, Julie H. Biggs, Denver, for respondents-appellees.

VAN CISE, Judge.

In connection with the construction of a portion of Interstate Highway 70 (I–70), the State Department of Highways (the department) commenced this action to condemn 27.571 acres of land owned by Copper Mountain, Inc. The department appeals from a judgment entered in the amount determined by a board of commissioners to be the value of the property actually taken and the damages to the residue, plus statutory interest. We affirm except for disallowing a portion of the interest.

I.

■ The department first contends that the trial court erred in denying its motion to disqualify the chairman of the commission. The parties had stipulated that, notwithstanding the provisions of § 38–1–105(1), C.R.S.1973, the court was to appoint, as chairman of the board of commissioners, an attorney licensed to practice in Colorado who was not a resident or freeholder of Summit County. The one so appointed was an attorney who on a few occasions in the past had been the recipient of referred legal business from the law firm representing Copper Mountain.

After an evidentiary hearing, the court denied the motion, holding that such referrals did not constitute a ground for disqualification. "Further, [the attorney] as an officer of this court has represented to it that he has absolutely no bias or prejudice in the matter whether because of this or any other reason. That representation is accepted without qualification."

We have found no Colorado law on the grounds for disqualification of a commissioner. However, a commissioner is a combination of civil juror and judge. Applying the standards applicable to both, we see no error in the trial court's decision.

■ Unless a prospective juror is prohibited from serving by virtue of a specific statute or court rule, such as C.R.C.P. 47(e), disqualification is a matter within the sound discretion of the trial court. *See Independence Coffee & Spice Co. v. Kalkman*, 61 Colo. 98, 156 P. 135 (1916); *Rio Grande Southern Railroad Co. v. Nichols*, 52 Colo. 300, 123 P. 318 (1912). Here, there is no statute or ground for challenge for cause which would require disqualification, and we see no abuse of discretion.

Also, viewed by the standards applicable to judges, this commissioner's having been the recipient of occasional unrelated referrals in the past does not constitute grounds for compulsory disqualification under C.R.C.P. 97 or Canon 3 C of the Code of Judicial Conduct from his serving on this case. Nor is there an appearance of prejudice here. *Cf. Sober v. District Court*, 197 Colo. 250, 592 P.2d 400 (1979); *People v. District Court*, 192 Colo. 503, 560 P.2d 828 (1977).

II.

■ The department next contends that the trial court erred in allowing interest for the period from October 5, 1978 (original trial date), to December 22, 1978 (date of filing the commission's certificate following trial on December 18–21).

In August 1977, Copper Mountain filed a motion to compel discovery of a copy of the updated appraisal reports prepared by the department's expert appraisers. There is nothing in the record to show that there was any action taken on this motion or any pretrial conference or hearing sought or held to establish a timetable for discovery. Trial was set for October 5, 1978.

The parties' attorneys reached an oral agreement whereby the department on or before September 25, 1978, would submit the updated appraisal reports prepared by

its experts. Apparently the reports were not completed until a copy of one was furnished on September 28 and a copy of the other on October 2. Because of the length of the reports, the short time between their receipt and the October 5 trial date, and the fact that one of the appraisals was substantively different from that expert's original appraisal, Copper Mountain requested and was granted a continuance of trial to December 18. In response to a call from Copper Mountain's attorney, the department's attorney indicated that he would not consent to, but would not object to, a continuance.

The court entered judgment on the commissioners award, and allowed interest thereon at 6% per annum from April 29, 1976, the date the department took possession of the condemned property, until December 22, 1978, the date the award was filed with the clerk of the court, with credit for the amount previously withdrawn. The court found that Copper Mountain's request for a continuance was "necessitated due to the fact that reports of petitioner's experts were not timely delivered to respondent."

Thereafter, the department filed a motion to alter or amend the judgment, asserting that by virtue of § 38–1–116, C.R.S. 1973, interest was not allowable for the period of the continuance. The court denied the motion, finding:

"that the continuance was required, that Copper Mountain did need that additional time to prepare. [That was brought about by the Department's late delivery of an appraisal and a report.] No objection was made to that request, and for that reason, Copper Mountain is entitled to the interest during the interim."

■ However desirable the trial court's conclusion might be, § 38–1–116, C.R.S. 1973, mandates a different result. In very clear language, it specifies that interest shall not be allowed "for the period wherein the trial of the case is delayed or continued by or at the request of the respondent." There is no exception provided for in the statute. Where, as here, the language is explicit and unambiguous, it is not open to construction. *See American Metal Climax, Inc. v. Claimant in re Death of Butler,* 188 Colo. 116, 532 P.2d 951 (1975). Nor is it proper for a court to create an exception by judicial legislation.

There is no dispute that the continuance was granted at the request of the respondent Copper Mountain. Hence, no interest should have been allowed for the period of the continuance, October 5 through December 17, 1978, the actual trial being held starting on December 18, rather than on October 5.

III.

Finally, the department contends that the award is excessive because the commissioners erroneously based their award for the land taken on its value based on its existing planned unit development zoning rather than on use for agricultural purposes. It argues that the land should have been valued as agricultural because the land taken had been set aside or "reserved" by Copper Mountain in 1969 when it first learned of the possibility of an I–70 condemnation, and no development on that land was ever intended thereafter. We disagree.

During the period from 1969 until the actual taking in April 1976, various plans were drafted by the department and the amount of land to be condemned varied from none to more than 50 out of the total 300 acres owned by Copper Mountain. Neither the amount of land involved nor its location was fixed until the actual taking.

■ In determining the value of the land taken, consideration of "factors arising from the very fact of condemnation" is improper. *Goldstein v. Denver Urban Renewal Authority,* 192 Colo. 422, 560 P.2d 80 (1977); *Williams v. City & County of Denver,* 147 Colo. 195, 363 P.2d 171 (1961). The property must be evaluated in light of the "most advantageous use to which the property may reasonably be applied." *Department of Highways v. Schulhoff,* 167 Colo. 72, 445 P.2d 402 (1972). And, the market

value of the land taken is the price the property could have been sold for on the open market "under the usual and ordinary circumstances" with a willing seller and buyer. *See Goldstein, supra; Williams, supra.* Valuing the land for development rather than for agricultural purposes was proper.

The judgment is affirmed except for the allowance of interest on the net award (after crediting the amount previously withdrawn) for the period from October 5 through December 17, 1978. The cause is remanded with directions for the trial court to reduce the judgment by that amount.

PIERCE and KELLY, JJ., concur.