In the Matter of the S.L.K. TESTAMENTARY TRUST, a/k/a S.L.K. Testamentary Trust of the Estate of Dorothy Lewis, Deceased, Sallie L. Keefe, Trustee, David B. Keefe, and Sallie L. Keefe, Plaintiffs-Appellants,

v.

Donald James DAVIDS, and Marjorie Suzann Davids, Defendants-Appellees.

No. 83CA0527.

Colorado Court of Appeals, Div. I.

Aug. 9, 1984.

Rehearing Denied Oct. 11, 1984.

Certiorari Granted Dec. 17, 1984.

Richard D. Gilson, Denver, for plaintiffs-appellants.

Stutz, Dyer, Miller & Delap, Charles A. Miller, Denver, for defendants-appellees.

ENOCH, Chief Judge.

In this forcible entry and detainer action, Sallie Keefe, as trustee and individually, and David Keefe appeal the court's ruling that Donald and Marjorie Davids were enti-tled to possession of certain property. We affirm.

S.L.K. Testamentary Trust, through its trustee, Sallie Keefe, purchased the proper-ty in question from the Davids and as payment executed a promissory note se-cured by a deed of trust in favor of the Davids. Mrs. Keefe signed the deed of trust as trustee. The note was signed by Mrs. Keefe as trustee and individually, and by David Keefe individually. The Davids initiated a foreclosure proceeding under their deed of trust for nonpayment of an installment due on the note. The Davids purchased the property at the foreclosure sale, and a public trustee deed was issued to them on February 14, 1983. A notice to vacate the property was posted on the property in question on February 18, 1983.

Subsequently, an unlawful detainer ac-tion was commenced in the county court in Denver and a summons was served on the Keefes. The Keefes filed a complaint in Denver District Court, claiming that the foreclosure procedure was defective be-cause Mr. Keefe was not given notice of his rights to cure the default and to redeem the property. These two actions were con-solidated in the district court.

At a hearing based on stipulated facts, the court ruled that, although Mr. Keefe was a cosigner on the promissory note se-cured by the foreclosed deed of trust, he was not entitled to notice under § 38–39–102, C.R.S. (1982 Repl.Vol. 16A) (right to redeem) or under § 38–39–118, C.R.S. (1982 Repl.Vol. 16A) (right to cure).

### I. Right to Cure

██ Plaintiffs first contend that the court erred in determining that Mr. Keefe was not entitled to notice under § 38–39–118, C.R.S. (1982 Repl.Vol.). We disagree.

Section 38–39–118(1)(a) states that:
"Whenever the default or violation in the terms of the note and deed of trust ... is nonpayment of any sums due thereun-der, the owners of the property being foreclosed or *parties liable thereon* shall be entitled to cure said default ...."
(emphasis supplied)

Since Mr. Keefe is a cosigner on the promissory note secured by the deed of trust, he is a party liable thereon and is entitled to cure any default.

However, § 38–39–118(1)(b) states that the public trustee or other proper officer:

"shall mail a notice to *the grantor of the deed of trust* and to *the owners of the property being foreclosed* at the address given in the recorded instrument evidencing the interest of said parties, informing such parties of their rights, if any, under this section, if such instrument evidencing the interest of the owners of the property being foreclosed was recorded with the county clerk and recorder of the county in which said real estate is located subsequent to the recording of the deed of trust being foreclosed and prior to the recording of the notice of election and demand for sale ...." (emphasis supplied)

Plaintiffs argue that the words "grantor of the deed of trust" should be construed to include parties liable on the promissory note.

■ Where statutory language is clear and unambiguous, it is not open to construction. *State Department of Highways v. Copper Mountain, Inc.*, 624 P.2d 936 (Colo.App.1981). Plaintiffs urge on this court an interpretation that is "forced, strained, and unusual." *See Harding v. Industrial Commission*, 183 Colo. 52, 515 P.2d 95 (1973).

■ The statute clearly requires the public trustee only to send notice only to the grantor of the deed of trust, and to the owners of the property being foreclosed, provided that the owners have properly recorded their interest in the property. It does not require that notice be given to those persons liable on the promissory note, even though they have a right to cure such a default. Therefore, because Mr. Keefe was not the grantor of the deed of trust or an owner of the property, the public trustee was not required to send him notice regarding his right to cure.

## II. Right to Redeem

We also disagree with plaintiffs' contention that the court erred in determining that Mr. Keefe was not entitled to notice under § 38–39–102, C.R.S. (1982 Repl.Vol. 16A).

■ Section 38–39–102(1), C.R.S. (1982 Repl.Vol. 16A), states that "the owner of the premises or any person who may be liable upon a deficiency may redeem ...." As a cosigner of the promissory note, Mr. Keefe is a person who might be liable upon a deficiency and, therefore, had a right to redeem the premises.

Section 38–39–102(4), C.R.S. (1982 Repl. Vol. 16A), states that in a foreclosure sale by a public trustee, the public trustee:

"shall mail a notice to the grantor of the deed of trust being foreclosed, to any subsequent owner of record, and to any other person having the right to redeem the premises under subsection (1) of this section, informing such persons of their redemptive rights, if any, under this section."

Because Mr. Keefe had a right to redeem under subsection (1), subsection (4) indicates that he was entitled to notice from the public trustee. However, § 38–39–102(5), C.R.S. (1982 Repl.Vol. 16A), states that:

"the public trustee shall mail such notice to the persons described in subsection (4) of this section *only* if their interest in the real estate being foreclosed was established by an instrument recorded with the county clerk and recorder of the county in which said real estate is located subsequent to the recording of the deed of trust being foreclosed and prior to recording of the notice of election and demand for sale pursuant to § 38–37–113(1)." (emphasis added)

■ The trial court held, and we agree, that subsection (5) limits the public trustee's duty to mail notice only to those persons described in subsection (1) who have properly recorded their interest in the property pursuant to subsection (5). This construction places the burden, as it should be,

on the parties claiming the right to a redemption notice. To be entitled to notice, they must make their interest in the property known, by recording their interest after the deed of trust has been recorded. To hold otherwise would place the public trustee in the impossible position of having to identify and send notice to those persons who have a right to redeem, even though they have not made their identities or interests known by recording.

Here, there was nothing in the deed of trust or any subsequent recorded document that identified Mr. Keefe or his interest. Therefore, Mr. Keefe was not entitled to notice under § 38–39–102. Hence, the deed issued by the public trustee is valid, and the court was correct in holding that the Davids were entitled to possession of the property.

Judgment affirmed.

SMITH and KELLY, JJ., concur.