**KINDER–CARE LEARNING CENTERS, INC.; Mini-Skool, Ltd; and Interstate Realty Corporation, d/b/a Holly Berry Place Association, Plaintiffs-Appellants,**

v.

**The BOARD OF ADJUSTMENT OF the CITY AND COUNTY OF DENVER, and Lawrence M. Henry, Marjorie Hornbein, Ernest C. Capillupo, Frana L. Mace, Charles R. Cousins, Individually and as Members of the Board of Adjustment (Zoning) of the City and County of Denver, Dorothy A. Nepa, Zoning Administrator of the City and County of Denver, and the City and County of Denver, Defendants-Appellees.**

No. 85CA0210.

Colorado Court of Appeals,
Div. II.

May 22, 1986.

Steven H. Kaplan, City Atty., John L. Stoffel, Jr., Asst. City Atty., Denver, for defendants-appellees.

Goldstein & Armour, P.C., Gilbert Goldstein, Darrel L. Campbell, Denver, for plaintiffs-appellants.

VAN CISE, Judge.

Plaintiffs Mini-Skool, Ltd. and Kinder-Care Learning Centers, Inc. (collectively Kinder-Care) own the real property and operate a pre-school facility at 2200 South Holly Street, legally described as Block 38, University Addition, City and County of Denver. Plaintiff Interstate Realty Corporation is the contract purchaser of the part of Block 38 located south of East Iliff Avenue and the Highline Canal, the purchase being contingent on the granting of zoning variances authorizing (1) the division of Block 38 into two separate parcels (north and south of East Iliff) and (2) specified reductions in the total number of children permitted to attend the school and to be present at any one time on the outdoor play space. Plaintiffs' application for these variances was denied by the respondent zoning administrator; her order was affirmed by the defendant Board of Adjustment (board), and the board's decision was affirmed on C.R.C.P. 106(a)(4) review by the district court. Plaintiffs appeal, and we affirm.

Block 38 is zoned R–2–A, which zoning authorizes, as a use by right:

> "Pre-school: a pre-school which provides for each pupil at least two hundred (200) square feet of defined outdoor play space, said space having a minimum dimension of twenty (20) feet and being enclosed by a fence or wall ..."

Denver Municipal Code § 59–162(1) [p] (1983) (Code).

In 1968, Kinder-Care or its predecessor in title was granted a variance to combine the north and south parcels of Block 38 into one lot. In 1975, it obtained a variance allowing it to operate a pre-school for 240 children, provided no more than 212 children used the play area at any one time. Kinder-Care had 5,600 square feet less than the amount of open play area required under the code for that many children. In 1977, its application to redivide the property into two parcels was denied.

In 1983, Kinder-Care and Interstate filed the application that is the subject of this action. In it they sought a variance to separate the south parcel from the pre-school, thereby reducing the play area by 18,000 square feet. They also asked for a variance to permit the pre-school to be operated on just the north portion for 180 children, provided that not more than 100 children be present on the outdoor play space at any one time. The zoning administrator denied the application.

On appeal to the board, following an evidentiary hearing, the requirement of Code § 59–55(a) that there be a concurring vote of four out of the five members of the

board was not met, with the result that the order of the administrator was affirmed. The two board members who voted to sustain the administrator found that Kinder-Care had "not demonstrated hardship because [it] will only gain a monetary profit from the sale of the separated zone lot if the variance is granted, and will be in violation of the Code pre-school play area requirements."

## I.

 On appeal from the district court's affirmance of the decision of the board, plaintiffs contend the decision is contrary to the rule of construction that zoning ordinances should be interpreted to broaden rather than to restrict permitted uses. They assert that the Code requirement specifying that "for each pupil at least two hundred ... square feet of defined outdoor play space" should be interpreted to refer to the number of pupils actually using the playground at any one time rather than to the number of pupils enrolled in the pre-school. We do not agree.

If there is such a rule of construction, it does not affect the result here. The Code clearly states that a pre-school must provide *for each pupil* at least 200 square feet of outdoor play space. It does not limit that requirement to the number of pupils using the space at one time. When, as here, the meaning of a law is plain and free from ambiguity, the language needs no interpretation. *American Metal Climax, Inc. v. Claimant in re Death of Butler,* 188 Colo. 116, 532 P.2d 951 (1975); *Dodge v. Department of Social Services,* 657 P.2d 969 (Colo.App.1982).

## II.

 Plaintiffs also contend that the board abused its discretion in deciding as it did when plaintiffs presented a prima facie case at the board hearing and no one appeared in opposition. They argue that the decision results in unnecessary hardship unique to the subject property and also denies Kinder-Care a reasonable return on its investment. We disagree.

Code § 59–54(2)(a) provides that: "No variance shall be authorized ... unless the board shall find that all of the following [9] conditions exist." Included among these conditions are:

"That, owing to exceptional and extraordinary circumstances, literal enforcement of the provisions of this chapter will result in unnecessary hardship;

"That the circumstances aforesaid were not created by the owner of the property and are not due to or the result of general conditions in the district in which the property is located."

The fact that the pre-school as presently constituted is showing only a modest profit is not an "exceptional and extraordinary circumstance" resulting in "unnecessary hardship." *See* 3 A. Rathkopf, *Law of Zoning & Planning,* § 3803 (4th ed. 1985). Also, the "circumstances" pertaining to this property—combining by variance a divided lot for its pre-school use—were created by Kinder-Care in order to have enough outdoor play space for this many pupils. Kinder-Care could change the use of the south parcel to other permitted uses and devote only the north portion to pre-school use if it would reduce the number of pupils to conform to the Code requirements. Accordingly, the board did not abuse its discretion in denying the variance.

## III.

The record does not support plaintiffs' final contention that a board member who cast one of the two deciding votes against plaintiffs' requested variance demonstrated patent prejudice which requires reversal. Furthermore, even if his vote should be disallowed, the appeal from the zoning administrator's order would still be denied for failure to obtain a concurring vote of four board members.

Judgment affirmed.

SMITH and BABCOCK, JJ., concur.