**John W. TRIPP, Plaintiff-Appellant and Cross-Appellee,**

v.

**SHELTER RESEARCH, INC., a Colorado corporation, and the Mountain Ranch Company, a Colorado corporation, Defendants-Appellees and Cross-Appellants.**

No. 85CA0746.

Colorado Court of Appeals, Div. III.

Aug. 14, 1986.

Rehearing Denied Sept. 11, 1986.

Certiorari Denied (Tripp) Dec. 15, 1986.

Philip M. Kleinsmith, P.C., Philip M. Kleinsmith, Colorado Springs, for plaintiff-appellant and cross-appellee.

Ronald G. Crowder, P.C., Ronald G. Crowder, Colorado Springs, for defendants-appellees and cross-appellants.

BABCOCK, Judge.

Plaintiff, John W. Tripp, appeals the summary judgment entered on his claim for breach of contract against defendants, Shelter Research, Inc., and The Mountain Ranch Company. Defendants cross-appeal, alleging that the trial court erred in denying their motion for attorney fees. We affirm.

The facts most favorable to plaintiff's claim may be summarized as follows. Defendants advertised that they would construct a home on mountain property and sell it along with its lot for $79,000, and that the appraised value of the completely constructed home and lot would be $115,000. Although the time limit contained in the advertisement had expired when plaintiff contacted defendants' agent, the agent represented to plaintiff that he could buy at the advertised price.

Defendants' agent presented plaintiff with a proposed contract reflecting the advertised price. The proposal specified that it would not become a contract until defendants accepted it. Plaintiff signed the proposal, and returned it with $100 earnest money; he also paid defendants' agent $37.50 for a credit check.

Defendants did not sign the proposal. Instead, another agent informed plaintiff that a contract would not be possible unless plaintiff agreed to pay an additional $7,000. This agent admitted to plaintiff that no contract had been consummated at the advertised price with anyone who had responded to the advertising, and that other purchasers had been "upgraded" to higher cost property and homes. Suspecting a "bait-and-switch" scheme, plaintiff refused to agree to a higher price. After defendants failed to return plaintiff's earnest money and credit-check payment, he brought this action. At the conclusion of the trial, the court ordered defendants to return the deposit and the credit check money ($137.50), but declined to grant any other relief.

■ On appeal, plaintiff does not dispute that the contract, if any, falls within the Statute of Frauds. *See* § 38–10–108, C.R.S. (1982 Repl.Vol. 16A). Rather, he asks us to interpret the statute so as to allow defendants' alleged misrepresentations to satisfy the requirement of a signed writing. We decline to do so. The statute is unambiguous in its language and intent, and we are bound to give it effect as written. *See People v. Macias*, 631 P.2d 584 (Colo.1981); *American Metal Climax, Inc. v. Claimant, In re Death of Butler*, 188 Colo. 116, 532 P.2d 951 (1975).

■ Further, plaintiff admits, and we agree, that his mere payment of $100 earnest money on an alleged $79,000 contract, without more, was insufficient part performance to take the agreement, if any, out of the statute. *See Burnford v. Blanning*, 189 Colo. 292, 540 P.2d 337 (1975). Plaintiff argues, however, that unless the contract is enforced, defendants would be effectively using the statute to perpetrate a fraud rather than prevent one. We understand this argument to mean that plaintiff believes defendants should be estopped from asserting the statute as a defense under Restatement (Second) of Contracts § 139 (1981). *See Kiely v. St. Germain*, 670 P.2d 764 (Colo.1983). Under the circumstances of this case, the argument is without merit.

■ Restatement (Second) of Contracts, § 139 provides in pertinent part that:

"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of

Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

"(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

"(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

"(b) the definite and substantial character of the action or forbearance in relation to the remedy sought."

Here, plaintiff signed a proposal which clearly stated that it would not become a contract until accepted by defendants and advanced $137.50. Neither of these acts constituted any substantial "action or forbearance." *Cf. Kiely v. St. Germain, supra.*

Moreover, injustice could have been, and was, avoided by the availability and adequacy of other remedies. *Cf. Kiely v. St. Germain, supra.* Accepting the facts and inferences asserted by plaintiff as true, we conclude that he could have pled a claim for deceit. Further, restitution was ordered by the trial court, presumably under Restatement (Second) of Contracts § 375 (1981).

■ Because plaintiff failed to establish any exception which would take his claim out of the statute, we hold that the trial court did not err in granting summary judgment on his contract claim. However, we hold that plaintiff's attempt to establish a new theory of law in light of defendants' alleged conduct was substantially justified and undertaken in good faith. Therefore, we further hold that the trial court did not err in denying defendants' motion for attorney fees. *See* § 13–17–102, C.R.S. (1985 Cum.Supp.)

The judgment is affirmed.

VAN CISE and KELLY, JJ., concur.